**Denny R. HARDIN, Appellant,**

v.

**STATE of Missouri, Jackson County, Kansas City and Jackson County Drug Enforcement Task Force, Inc., Respondents.**

**No. WD 59183.**

Missouri Court of Appeals, Western District.

May 7, 2001.

Motion for Transfer to Supreme Court Denied July 3, 2001.

Application for Transfer Denied Aug. 21, 2001.

Denny Hardin, Kansas City, pro se.

David Lieber, Jefferson City, Mary Jane McQueeny, Charlotte Ferns, J. Earlene Farr, Kansas City, for respondent.

PAUL M. SPINDEN, Chief Judge.

Denny R. Hardin appeals the circuit court's judgment to dismiss his "Petition for Redress of Grievance." The state and the Jackson County Drug Enforcement Task Force assert, however, that we should dismiss Hardin's appeal for his failure to comply with Rule 84.04. We agree and dismiss Hardin's appeal.

Hardin appears *pro se*. We hold *pro se* appellants to the same procedural rules as attorneys, and we do not grant them preferential treatment regarding compliance with those rules. *Wilson v. Carnahan*, 25 S.W.3d 664, 667 (Mo.App. 2000). Failure to comply with the rules of appellate procedure constitutes grounds for the dismissal of an appeal. *Shochet v. Allen*, 987 S.W.2d 516, 518 (Mo.App.1999).

Rule 84.04(d)(1) instructs that the appellant's brief shall contain points relied on that "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." The rule further instructs:

> The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action* ], because [*state the legal reasons for the claim of reversible error* ], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error* ]."

Rule 84.04(d)(1). Moreover, "[a]bstract statements of law, standing alone, do not comply with this rule." Rule 84.04(d)(4).

■ Hardin's points relied on do not comply with Rule 84.04(d) at all. In his points, he asserts:

I. The Trial Court has Committed Impeachable Error by Evading and Avoiding its Responsibility to Uphold the Constitution of Missouri in a Clear Act of "willful neglect of duty", because the Trial Court has Dismissed the entire case of Constitutional Violations it has failed in its Administrative, Adjudicative and Disciplinary Responsibilities.

II. Appellant Has The Right to Seek Justice From The Courts, The Respondents Have Conspired To Deny Appellant Judicial Determination Of The Legal Status Of The Jackson County Drug Enforcement Task Force, Incorporated To Continue The "Fraud" Of The Corporation.

III. Respondents Of This Cause Of Action Have Collectively Argued That Appellant Is Not Entitled to Equitable or Declaratory Relief and That They are Immune From Suit and Prosecution By The Doctrine of Sovereign Immunity.

Although Hardin's first point identifies the circuit court's ruling that he is challenging—the dismissal of his petition—the other two points do not identify the circuit court's rulings or actions that he is challenging. None of the points state the legal reasons for his claim of reversible error, and the points do not explain why those legal reasons support his claim of reversible error. Moreover, the points are not set forth in substantially the same form as set out in Rule 84.04(d).

■ "Insufficient points relied on preserve nothing for this court to review." *Hall v. Missouri Board of Probation and Parole,* 10 S.W.3d 540, 544 (Mo.App.1999) (quoting *Green v. Douglas,* 977 S.W.2d 32,

33 (Mo.App.1998)). As explained by the *Hall* court:

> Compliance with Rule 84.04 briefing requirements is mandatory ... to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made. Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood.

*Hall,* 10 S.W.3d at 544–45 (quoting *Myrick v. Eastern Broadcasting, Inc.,* 970 S.W.2d 885, 886 (Mo.App.1998) (citations omitted)).

Hardin also did not comply with Rule 84.04(e) which requires: "The argument shall ... include a concise statement of the applicable standard of review for each claim of error." Although Hardin has a section in his brief in the argument section titled "Standard of Review," the section does not set forth the standard of review.

■ While we understand the problem faced by *pro se* litigants, we cannot relax our standard for non-lawyers. *Murphy v. Shur,* 6 S.W.3d 207, 208 (Mo.App.1999). Hardin's *pro se* status does not excuse him from compliance with Rule 84.04. Because Hardin's points relied do not comply with Rule 84.04(d) and because his argument does not include the applicable standard of review as required by Rule 84.04(e), we dismiss his appeal.

ROBERT G. ULRICH, Judge, and
RONALD R. HOLLIGER, Judge, concur.