**STATE of Missouri, Plaintiff–Respondent,**

v.

**Jerry Wayne CHAPPELL, Defendant–Appellant.**

**No. 23935.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 17, 2002.

Jerry Wayne Chappell, pro se.

No appearance for Respondent.

Before GARRISON, P.J., PREWITT and PARRISH, J.J.

PER CURIAM.

Jerry W. Chappell ("Appellant") appeals a jury verdict finding him guilty of the misdemeanors of failing to register a motor vehicle (§§ 301.020, 303.025 and 303.160, RSMo) and failing to maintain financial responsibility (§ 301.020, RSMo).

Appellant has failed to provide in his brief any version of facts related to the underlying action in this appeal. Upon review of the transcript and "record" filed herein, we have determined the facts to be as follows:

Appellant was stopped by a Missouri State Highway Patrol trooper on Highway 97 in Lawrence County upon the trooper's observation that Appellant's vehicle had no license plates. The trooper testified that Appellant and his passenger refused to identify themselves. After running a check on the vehicle's identification number, the trooper learned that the vehicle was not registered. In addition, Appellant told the trooper that he had no liability insurance coverage on the vehicle. The trooper informed Appellant that he was

under arrest (from the transcript, it is unclear whether Appellant was actually arrested and taken away), at which time Appellant told the trooper his name. A check with the Department of Revenue database indicated Appellant did have a driver's license, although Appellant did not have it in his possession at the time of the stop. Appellant was cited for failure to register his motor vehicle and for failure to maintain financial responsibility.

Jury trial was held on October 16, 2000. Appellant represented himself. The jury handed down a guilty verdict on both counts. A sentencing hearing was set for October 19, 2000, at which time the Appellant requested that the court accept his guilty plea. The trial court sentenced Appellant to two concurrent terms of 90 days' imprisonment in the county jail and fines of $100.00 on each count.

Appellant appears here *pro se*. Appellant filed a brief on July 5, 2001, which was stricken on Respondent's motion to strike or dismiss the appeal. A second brief was filed August 31, 2001. Respondent did not file a brief.

 *Pro se* appellants are held to the same procedural rules as attorneys and are not granted preferential treatment regarding compliance with those rules. *State v. Anderson*, 37 S.W.3d 821, 822 (Mo.App.2001). Failure to substantially comply with the rules of appellate procedure preserves nothing for appellate review, *Libberton v. Phillips*, 995 S.W.2d 66, 67 (Mo.App.1999), and constitutes grounds for the dismissal of an appeal. *Hardin v. State*, 51 S.W.3d 129, 130 (Mo.App.2001).

The jurisdictional statement contained in Appellant's brief states: "This action before the Missouri Court of Appeals comes about as a result of Appellant's timely filed Notice of Appeal after sentencing on October 19, 2000." Thus, it fails to "set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitution whereon jurisdiction is sought to be predicated," as prescribed by Rule 84.04(b).

 Appellant failed to provide a statement of facts sufficient to afford this Court with "a fair and concise statement of facts relevant to the questions presented for determination." Rule 84.04(c). Appellant's failure to include any facts related to the underlying cause from which he is appealing does not satisfy the primary purpose of a statement of facts, which is to "afford an immediate, accurate, complete and unbiased understanding of the facts of the case," and in itself constitutes grounds for the dismissal of an appeal. *See Kent v. Charlie Chicken, II, Inc.*, 972 S.W.2d 513, 515 (Mo.App.1998).

Appellant designated a section of his brief as "Points Relied Upon and Argument," containing the following:

Appellant's Appendix containing his filed motions and exhibits should substantially prove that Appellant should prevail as a matter of both law and justice. There is no need to rehash the sordid details of the criminal collusion of [prosecutor] and [judge]. Together they conspired to illegally waste the Appellant's limited resources by rail-roading the Appellant into a jail sentence, and fine. Furthermore the Appellant was not read his rights until later on at his first appearance, he was not told the nature and cause of his crime, and thus deprived of equal justice. Any one of these points relied upon should be enough grounds to an acquittal or new trial.

 Here again, Appellant's point and argument are deficient and do not comply with Rules 84.04(d) and (e). A point relied on must identify the chal-

lenged trial court ruling or action, state concise legal reasons to support the reversible error, and provide a summary explanation of the legal reasons supporting reversal. Rule 84.04(d)(1)(A)-(C). Deficient points relied on preserve nothing for the appellate court to review. *Hardin,* 51 S.W.3d at 131 (Mo.App.2001). In addition, Appellant has not included an applicable standard of review for each claim of error in his argument section, as required under Rule 84.04(e).

The appeal is dismissed for Appellant's failure to comply with the mandatory requirements in Rule 84.04.