Aurelias DAVIS, Plaintiff/Appellant,

v.

Sequoia COLEMAN,
Defendant/Respondent.

No. ED 79995.

Missouri Court of Appeals,
Eastern District,
Division One.

April 23, 2002.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 28, 2002.

Aurelias Davis, St. Louis, MO, pro se.

Sequoia Coleman, St. Louis, MO, pro se.

ROBERT G. DOWD, JR., Judge.

Plaintiff tenant, Aurelias Davis, appeals from the trial court's judgment against plaintiff and in favor of defendant landlord, Sequoia Coleman, on plaintiff's claim to recover rent paid and the trial court's judgment in favor of defendant and against plaintiff for $3000 on defendant's counterclaim for damage to an apartment. We dismiss the appeal.

Plaintiff filed a pro se appeal from the trial court's judgment. Plaintiff filed his pro se brief and then an amended brief. Defendant, however, did not file a brief in this matter.

Pro se appellants are held to the same standards as attorneys and must comply with Supreme Court rules, including Rule 84.04, which sets out the requirements for appellate briefs. *Woodard v. SmithKline Beecham/Quest,* 29 S.W.3d 843, 844 (Mo.App. E.D.2000). Failure to comply with the rules of appellate procedure constitutes grounds for the dismissal

of an appeal. *Estate of Philips v. Matney*, 40 S.W.3d 15, 18 (Mo.App. S.D.2001).

■ Plaintiff has failed to comply with Rule 84.04 so substantially that his appeal is unreviewable. Rule 84.04(c) requires that an appellant's statement of facts contain "a fair and concise statement of facts relevant to the questions presented for determination without argument." Here, plaintiff's statement of facts recites only plaintiff's arguments in six numbered paragraphs and fails to set forth any material evidence, and is therefore deficient.

■ Rule 84.04(d) mandates that a point relied on must "identify the trial court ruling or action that the appellant challenges; . . . .state concisely the legal reasons for the appellant's claim of reversible error; and . . . .explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Plaintiff sets forth six deficient points relied on, none of which is coherent. Plaintiff's points relied on fail to substantially follow the form set out in Rule 84.04(e). An insufficient point relied on in an appellant's brief preserves nothing for appellate review. *Estate of Phillips*, 40 S.W.3d at 18.

■ Rule 84.04(e) provides that the argument portion of an appellate brief shall "include a concise statement of the applicable standard of review for each claim of error." An argument should also advise the appellate court how principles of law and the facts of the case interact. *See Christomos v. Holiday Inn Branson*, 26 S.W.3d 485, 487 (Mo.App.2000). Here again, plaintiff's brief fails to comply, in that he does not set forth the applicable standard of review. Although there is a section titled "Standard of Review," the section does not set forth the standard of review. Furthermore, plaintiff fails to state principles of which the facts of this case can be compared, and his argument cites no relevant authority.

Because of its substantial failure to comply with Rule 84.04, this brief preserves nothing for review and is inadequate to invoke the jurisdiction of this court. *Woodard*, 29 S.W.3d at 844. This court should not be expected either to decide the case on the basis of inadequate briefing or to undertake additional research and a search of the record to cure the deficiency. *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978).

Appeal dismissed.

CRANDALL, P.J., and CRANE, J., concur.