**Kurt W. PONZAR and Sandy Ponzar,
Plaintiffs/Appellants,**

v.

**WHITMOOR COUNTRY CLUB, et.
al., Defendants/Respondents.**

**No. ED 81493.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 30, 2003.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 13, 2003.

Application for Transfer Denied
Sept. 30, 2003.

Pro Se, for appellant.

William J. Travis, Jennifer Alexander Briner, St. Louis, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Kurt W. Ponzar and Sandy Ponzar ("Homeowners") appeal the judgment in favor of Whitmoor Country Club Property Unit Owners Master Association, Inc. ("Association") and its Board of Directors in their suit seeking removal of a gate controlling access to the subdivision, cancellation of a lien and damages. We dismiss.

■ Association has moved to dismiss this appeal because Homeowners' brief does not comply with Rule 84.04. Association points out that Homeowners' brief does not contain a single citation to the transcript or the legal file. The statement of facts is argumentative and incomplete. There is no table of cases. The points relied on are argumentative, incomprehensible, and do not conform to Rule 84.04(d).

■ "We hold *pro se* appellants to the same procedural rules as attorneys, and we do not grant them preferential treatment regarding compliance with those rules." *Hardin v. State*, 51 S.W.3d 129, 130 (Mo.App.2001). "Failure to comply with the rules of appellate procedure constitutes grounds for the dismissal of an appeal." *Id.*

While we understand the problem faced by *pro se* litigants, we cannot relax our standard for non-lawyers. *See Murphy v. Shur*, 6 S.W.3d 207, 208 (Mo.App.1999). Homeowners' insufficient points relied on preserve nothing for this court to review. *See Hall v. Missouri Bd. of Prob. and Parole*, 10 S.W.3d 540, 544 (Mo.App.1999).

■ Additionally, Homeowners' suit over the lien is moot because Homeowners paid $187.50 to cover the lot assessment for the entrance gate, with interest, penalty, service charge and lien charge. Mootness is a threshold question in appellate review that implicates the justiciability of a

case. *See Armstrong v. Elmore,* 990 S.W.2d 62, 64 (Mo.App.1999). A case is moot if a judgment rendered has no practical effect upon an existent controversy. *Id.* Count I of Homeowners' amended petition was to remove a lien. Since Homeowners paid the assessment, they have taken all the steps necessary for the removal of the lien from the property; thus, Homeowners' claim is moot.

Because Homeowners' briefs do not comply with Rule 84.04(d) and their suit over the lien is moot, we dismiss their appeal.[1]

LAWRENCE E. MOONEY, C.J., and ROBERT E. CRIST, SR. J., Concur.

1. Association has also filed a motion for an award of attorney's fees on appeal as provided in Association's By–Laws and Master Declaration. Association's motion is granted. Association is hereby awarded three thousand dollars ($3,000.00) as and for its reasonable attorney's fees on appeal.