Richard Owen LOW, Appellant,

v.

## ST. CHARLES COUNTY SHERIFF DEPARTMENT, Respondent.

### No. ED 84690.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 25, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 23, 2005.

Richard Owen Low, Charleston, MO, pro se.

Joann Leykam, St. Charles, MO, for respondent.

Before LAWRENCE E. MOONEY, P.J., LAWRENCE G. CRAHAN, J., and MARY K. HOFF, J.

### PER CURIAM.

Richard Owen Low ("Appellant") appeals *pro se* the entry of summary judgment in favor of the St. Charles County Sheriff's Department ("Department") in his replevin action to recover possession of a boat. The trial court sustained the Department's motion on the ground, *inter alia,* that the exhibits Appellant submitted in response conclusively established that neither the Department nor any agent of the Department had the boat in its possession at the time the suit was filed or at any time thereafter. Because wrongful detention of the Plaintiff's property is an essential element of an action in replevin, the trial court entered judgment in favor of the Department. *Monarch Loan Co. v.*

---

**2.** Darrell Tullock did not favor this Court with a brief.

*Anderson Transmission Service,* 361 S.W.2d 328, 331 (Mo.App.1962).

On appeal, Appellant first submitted an "Appeal Brief in Support" which was rejected for failure to comply with Rule 84.04[1] in any respect. Appellant then filed a brief in the general form required by Rule 84.04, but it still does not comply with the requirements of Rule 84.04. The statement of facts is a rambling, argumentative diatribe that is essentially incomprehensible. The argument fails to address the standard of review and does not even address the trial court's finding that neither the Department nor its agents have the boat in their possession, much less attempt to explain why this fact does not bar the claim.

It is well settled that *pro se* appellants are held to the same standards as attorneys and must comply with Supreme Court Rules, including Rule 84.04, which sets out the requirements for appellate briefs. *Davis v. Coleman,* 93 S.W.3d 742, 742 (Mo.App.2002). Failure to comply with the rules of appellate procedure constitutes grounds for dismissal of an appeal. *Id.* at 742–43. We find the statement of facts and argument portions of Appellant's brief are so deficient they preserve nothing for review.

Appeal dismissed.

---

1. All references to rules are to Mo. R. Civ. P.2004.