Berry Lee **LIVINGSTON,**
**Plaintiff/Appellant,**

v.

**SCHNUCK MARKETS, INC.,**
**Defendant/Respondent.**

No. ED 86545.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 28, 2006.

Berry Lee Livingston, Pro–Se, Troy, MO, for appellant.

Brian N. Brink, Schnuck Markets, Inc., St. Louis, MO, for respondent.

Before MARY K. HOFF, P.J. and CLIFFORD H. AHRENS, J. and PATRICIA L. COHEN, J.

PER CURIAM.

Berry Lee Livingston (Plaintiff) appeals from the trial court's judgment granting Schnuck Markets, Inc.'s (Defendant) motion to dismiss with prejudice Plaintiff's petition alleging negligence and requesting damages on the ground that the petition failed to state a claim upon which relief could be granted. Because Plaintiff's appellate brief fails to comply with the appellate briefing requirements as provided by Rule 84.04, we dismiss the appeal.

Following the trial court's entry of judgment in favor of Defendant, Plaintiff filed his notice of appeal and subsequent brief *pro se.* Defendant filed a response, arguing, *inter alia,* that Plaintiff's brief should be dismissed because it was deficient in that it failed to concisely state the underlying facts or legal reasons supporting Plaintiff's claims of error, contained abstract references to the law, and did not contain the relevant standards of review pertinent to each of Plaintiff's claims of error. We agree.

■■■ *Pro se* appellants are held to the same standards as are attorneys and must comply with the Supreme Court Rules, including Rule 84.04. *Gant v. Lou Fusz Motor Co.,* 153 S.W.3d 866, 866 (Mo.App. E.D.2004); *Davis v. Coleman,* 93 S.W.3d

742, 742 (Mo.App. E.D.2002). Rule 84.04 provides the requirements for appellate briefs, and an appellant's failure to comply with the rules and requirements of appellate procedure constitutes grounds for our dismissal of the appeal. *Gant,* 153 S.W.3d at 866.

An appellant's brief must contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). The appellant's brief must contain a "Point Relied On" for each claim of error that: 1) identifies the ruling or action of the trial court the appellant challenges; 2) concisely states the legal reasons for the appellant's claim of reversible error; and 3) summarily explains why, in the context of the case, the stated legal reasons support the appellant's claim of reversible error. Rule 84.04(d)(1). The appellant's brief also must contain an argument section that substantially follows each "Point Relied On," includes a concise statement of the applicable standard of review for each claim of error, and advises the appellate court of how the facts of the case and principles of law interact. Rule 84.04(e); *Davis,* 93 S.W.3d at 743.

■ In this case, Plaintiff's brief fails to comply with Rule 84.04 to such an extent that his appeal is unreviewable. First, Plaintiff's statement of facts contains few facts while reciting irrelevant information, impermissible arguments, and abstract statements of law, all of which violate Rule 84.04(c). Second, Plaintiff sets out nine lengthy, incomprehensible "Points Relied On," each with several subpoints, over the course of sixteen pages. All of the "Points Relied On" fail to state concisely the specific legal reasons for the trial court's alleged error or to explain why those legal reasons constitute error in the context of the case, thereby violating Rule 84.04(d). Third, the argument sections of Plaintiff's

brief fail to include concise statements of the applicable standards of review related to each "Point Relied On" and fail to refer to any principles of law to which the facts of the case can be compared or to any relevant legal authority. Moreover, Plaintiff's brief is confusing to read and impossible to understand as it contains numerous parentheses around words not meant to be contained in parentheticals and various references to inapplicable provisions of the United States Constitution.

■ Therefore, because Plaintiff's brief fails to comply with Rule 84.04, his brief preserves nothing for our review and is inadequate to invoke the jurisdiction of this Court. *Gant,* 153 S.W.3d at 866; *Davis,* 93 S.W.3d at 743. "This court should not be expected either to decide the case on the basis of inadequate briefing or to undertake additional research and a search of the record to cure the deficiency." *Davis,* 93 S.W.3d at 743, *citing Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978).

The appeal is dismissed.