**E. Rex BRADLEY, Respondent,**

v.

**Gary CAPPS, Appellant.**

**No. ED 86096.**

Missouri Court of Appeals,
Eastern District,
Northen Division.

July 25, 2006.

Gary Capps, Pleasant Hill, IL, for appellant—pro se.

E. Rex Bradley, The Bradley Law Firm L.L.C., Louisiana, MO, for respondent—pro se.

ROY L. RICHTER, Judge.

Gary Capps ("Appellant") attempts to appeal *pro se* on behalf of himself and on behalf of AGC Construction, Inc. from a judgment of the Circuit Court of Pike County in favor of attorney E. Rex Bradley for unpaid attorney's fees. We dismiss the State's racially discriminatory use of peremptory strikes in violation of both the accused's and the excluded venirepersons' equal protection rights. *State v. Parker,* 836 S.W.2d 930, 936 (Mo. banc 1992).

the appeal for failure to comply with Missouri Supreme Court Rule 84.04.[1]

*Pro se* appellants are held to the same standards as attorneys and must comply with the Supreme Court Rules, including Rule 84.04. *Gant v. Lou Fusz Motor Co.,* 153 S.W.3d 866, 866 (Mo.App. E.D.2004); *Davis v. Coleman,* 93 S.W.3d 742, 742 (Mo.App. E.D.2002). Rule 84.04 provides the requirements for appellate briefs, and an appellant's failure to comply with the rules and requirements of appellate procedure constitutes grounds for dismissal of the appeal. *Gant,* 153 S.W.3d at 866.

Appellant's brief fails to comply with Rule 84.04 in several respects. First, the brief does not contain a table of cases, statutes and other authorities cited, nor does it contain any reference to the pages of the brief in which they are cited, as required by Rule 84.04(a). Appellant's jurisdictional statement is also deficient. Rule 84.04(b) sets forth the requirements for a jurisdictional statement and provides that the statement must contain sufficient factual data to demonstrate jurisdiction. Appellant's jurisdictional statement merely states, "This appeal comes from judgment in Pike County Circuit Court entered March 21, 2005 against appellants for alleged breach of contract between appellants and their attorneys." This statement is not sufficient pursuant to Rule 84.04(b).

Appellant's brief also completely fails to comply with Rule 84.04(d), which describes the requirements for Points Relied On. Pursuant to Rule 84.04(d)(1), the Point Relied On must identify the ruling or action of the trial court which is being challenged, it must provide a concise statement of the legal reasons for the claim on appeal, and it must explain why the legal reasons support the claim of error. Appellant's points fail to set forth any statement of the legal reasons to support his claim of error.

Appellant must also include an argument portion in his brief, which substantially follows each Point Relied on, pursuant to Rule 84.04(e). Rule 84.04(e) provides that the argument portion of a brief must contain a concise statement of the applicable standard of review for each claim of error. Appellant's brief contains no statements concerning the standard of review for each claim of error.

As stated in *Livingston v. Schnuck Mkts., Inc.,* 184 S.W.3d 617, 619 (Mo.App. E.D.2006), "because Plaintiff's brief fails to comply with Rule 84.04, his brief preserves nothing for our review and is inadequate to invoke the jurisdiction of this Court." (citing; *Gant,* 153 S.W.3d at 866; *Davis,* 93 S.W.3d at 743.) "This court should not be expected either to decide the case on the basis of inadequate briefing or to undertake additional research and a search of the record to cure the deficiency." *Davis,* 93 S.W.3d at 743, citing *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978).

The appeal is dismissed.

GLENN A. NORTON, C.J., Concurs.

CLIFFORD H. AHRENS, J., Concurs.

---

1. Bradley's motion for damages for frivolous appeal and attorney's fees on appeal is denied.