Melody LYLES, Appellant,

v.

ROBERT HALF CORPORATION and Division of Employment Security, Respondents.

No. ED 88411.

Missouri Court of Appeals, Eastern District, Division Four.

April 24, 2007.

Melody Lyles, Ferguson, MO, pro se.

Robert Half Corporation, Pleasant, CA, pro se.

Cynthia Ann Quetsch, Jefferson City, MO, for respondent Div. of Employment Security.

ROY L. RICHTER, Presiding Judge.

Melody Lyles ("Claimant") appeals the denial of unemployment benefits from the Labor and Industrial Relations Commission ("Commission"). Based on Claimant's failure to adhere to the rules of appellate practice, we dismiss her appeal.

## I. DISCUSSION

■ Claimant's brief violates Rule 84.04. Failure to substantially comply with Rule 84.04 preserves nothing for our review and warrants dismissal of the appeal. *McCullough v. McCullough*, 195 S.W.3d 440, 442 (Mo.App. S.D.2006).

■ First, we note Claimant's statement of facts violates Rule 84.04(c). This provision requires Claimant's brief to contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *In re the Marriage of Shumpert*, 144 S.W.3d 317, 320 (Mo.App. E.D.2004)(quoting *Kent v. Charlie Chicken, II, Inc.*, 972 S.W.2d 513, 515 (Mo.App. E.D.1998)). In spite of Claimant's filing of two separate briefs containing nearly identical language,

we are unable to decipher Claimant's statement of facts to determine the pertinent facts. Moreover, Claimant is held to the same standard of briefing and compliance with Rule 84.04 as lawyers. *Gray v. White*, 26 S.W.3d 806, 815 (Mo.App. E.D. 1999).

■ Second, neither of Claimant's points complies with Rule 84.04(d)(1). This Rule specifies that points shall be in substantially the following form: "The trial court erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error]." Rule 84.04(d)(1). "The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of the appellate courts." *In re the Marriage of Shumpert*, 144 S.W.3d at 320 (quoting *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978)). The Rule gives notice to opposing parties of the precise matters to be contended with and to inform the courts of issues presented for review. *Id.*

■ Claimant's points relied on fail to comply with the requirements set forth in Rule 84.04(d). The points relied on do not identify the rule of law the trial court should have applied, nor do they specify the evidentiary basis supporting the application of the rule of law suggested. See Rule 84.04(d)(1). They fail to properly set out the legal bases for reversal and explain why reversal is mandated on the legal grounds asserted. "It is not sufficient to merely set out what the alleged errors are, as [Claimant] has done in this case, without stating why the ruling is erroneous." *In re H.B.*, 165 S.W.3d 578, 582 (Mo.App. S.D.2005)(quoting *Murphy v. Aetna Cas. & Sur. Co.*, 955 S.W.2d 949, 950 (Mo.App. S.D.1997)). Additionally, Claimant's

points relied on do not identify the issues being raised on appeal.

Lastly, Claimant's points relied on violate Rule 84.04(d)(4), which provides that "[a]bstract statements of law, standing alone, do not comply with this rule." Rule 84.04(d)(4). "We cannot begin to interpret [Claimant's] points as stated because we would be forced to act as an advocate for [Claimant]," and that is not the function of the appellate courts. *In re H.B.*, 165 S.W.3d at 582.

Since Claimant's brief fails to comply with Rule 84.04, her brief preserves nothing for our review and is inadequate to invoke this Court's jurisdiction. *Livingston v. Schnuck Mkts., Inc.*, 184 S.W.3d 617, 619 (Mo.App. E.D.2006)(citing *Gant v. Lou Fusz Motor Co.*, 153 S.W.3d 866, 866 (Mo.App. E.D.2004); *Davis v. Coleman*, 93 S.W.3d 742, 743 (Mo.App. E.D.2002)). "This court should not be expected either to decide the case on the basis of inadequate briefing or to undertake additional research and a search of the record to cure the deficiency." *Id.* (citation omitted).

## II. CONCLUSION

Due to these deficiencies, we dismiss Claimant's appeal.

KATHIANNE KNAUP CRANE and SHERRI B. SULLIVAN, JJ., Concur.