**Roland K. SCHAEFER,**
**Plaintiff/Appellant,**

v.

**Lawrence J. ALTMAN, et al.,**
**Defendants/Respondents.**

No. ED 89708.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 13, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 25, 2008.

Application for Transfer Denied
May 20, 2008.

Roland K. Schaefer, St. Louis, pro se.

Daniel G. Tobben, Jeffrey R. Schmitt, Danna McKitrick, P.C., St. Louis, for Respondent.

ROY L. RICHTER, Presiding Judge.

Roland K. Schaefer ("Client") appeals the judgment in favor of Lawrence J. Altman ("Attorney") on his malpractice and negligent misrepresentation claims. We dismiss the appeal for failure to comply with Missouri Supreme Court Rule 84.04.

## I. BACKGROUND

Client is no stranger to the courts, having filed numerous actions against numerous parties stemming from a claim against Washington University ("the underlying lawsuit"). After firing his first attorney in the underlying lawsuit, Client hired Attorney to pursue his claims. The trial court entered summary judgment against Client. Client appealed pro se and the appeal was dismissed. Client then filed three additional lawsuits, none of which were successful. One such suit resulted in an order from a federal district court judge enjoining Client from "prosecuting any action in any court based upon the same allegations as those raised in [the underlying lawsuit]."

Client filed suit pro se against Attorney.[1] In this suit, Client named Attorney and his Attorney's wife as defendants, and included counts for fraud, fraudulent omission/concealment, civil conspiracy, legal malpractice, and negligent misrepresentation. After dismissing a number of such claims, the trial court reviewed Attorney's motion for summary judgment and ultimately entered judgment against Client. Client appeals.

## II. DISCUSSION

 Attorney has filed a motion to dismiss Client's appeal for failure to comply with Missouri Supreme Court Rule 84.04. Attorney's motion is well taken, and we dismiss Client's appeal.[2]

 Pro se appellants are held to the same standards as attorneys and must comply with the Supreme Court Rules, including Rule 84.04. *Gant v. Lou Fusz Motor Co.*, 153 S.W.3d 866, 866 (Mo.App. E.D.2004); *Davis v. Coleman*, 93 S.W.3d 742, 742 (Mo.App. E.D.2002). "While we understand the problem faced by pro se litigants, we cannot relax our standard for non-lawyers." *Ponzar v. Whitmoor Country Club*, 114 S.W.3d 336, 337 (Mo.App. E.D.2003). Rule 84.04 provides the requirements for appellate briefs, and an appellant's failure to comply with the rules and requirements of appellate procedure

1. Client also filed a pro se legal malpractice suit against his first attorney in the underlying lawsuit and the trial court entered summary judgment against Client. Client appealed to this Court and we affirmed.

2. Client's motion to strike Attorney's motion to dismiss is denied. Client also filed a motion to strike Attorney's "fraudulent pleadings," a motion for sanctions, and a motion for added time to file a supplemental legal file or obtain stipulation as to its accuracy. Attorney objected to all three motions, and these three motions were all denied. In addition, Attorney moved to strike these three motions. Because we are dismissing Client's appeal, and because the three motions were already denied, we deny Attorney's motion to strike these three motions. Client also filed with this court a memorandum, asking the court to enter into its record a partial transcript of oral argument. This partial transcript was offered as evidentiary support pursuant to Clients three motions to strike and for sanctions and for added time to file a supplemental legal file. Attorney filed a motion objecting to and moving to strike the memorandum. Because the three motions have already been denied, we deny Client's request to enter the partial transcript into record, and we grant Attorney's request to strike Client's partial transcript memorandum.

constitutes grounds for dismissal of the appeal. *Gant,* 153 S.W.3d at 866.

■ Client has failed to comply with Rule 84.04 in several respects, leaving nothing for appellate review. Rule 84.04(d)(1) dictates that a Point Relied On must identify the ruling or action of the trial court which is being challenged, must provide a concise statement of the legal reasons for the claim on appeal, and must explain why the legal reasons support the claim of error.

Client's points relied on fail to conform to this rule.[3] Client's first point fails to set forth any statement of the legal reasons to support his claim of error. Instead, Client simply states that the trial court's decisions to deny his requests are "each errors of law." Both points fail to explain why the law, in the context of the facts, supports the claim of reversible error.

■ Rule 84.04(d)(1) also requires each Point Relied On to be substantially in the following form: "[t]he trial court erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error]." Here, neither of Client's points is presented substantially in this form. The first point does not state the legal reasons supporting his claim. Both points fail to explain why the law, in the context of the facts, supports the claim of reversible error.

■ Rule 84.04(e) requires that the argument portion of an appellate brief "in-clude a concise statement of the applicable standard of review for each claim of error." Client's brief fails to comply with this requirement in that he has failed to set forth the applicable standard of review. Although there is a section titled standard of review, such section sets forth an incorrect standard.

Client's brief also fails to comply with 84.04(c), which governs an appellant's statement of facts. Under 84.04(c), an appellant's brief must contain "a fair and concise statement of the facts." Our courts have interpreted this rule to require a concise statement of the evidence most favorable to the verdict. *Baris v. Layton,* 43 S.W.3d 390, 393 (Mo.App. E.D.2001).

Here, Client's statement of facts is incomplete and argumentative. Client omits the most important facts supporting the trial court's decisions to deny two of Client's requests for leave to amend. Client failed to mention that the trial court granted Client leave to amend his counts twice before any such request was denied. Client further omitted from his statement that the first denial complained of occurred when Client attempted to file an amended petition without leave of the court. In addition, Client did not explain that the second denial complained of occurred when Client sought leave to amend while both parties' summary judgment motions were pending.

■ Client's statement of facts also violates 84.04(i). Under 84.04(i), all statements of fact and argument must include specific page references to the legal file or transcript. "Compliance with this Rule al-

---

**3.** Client's first point relied on reads: "[t]he two court decisions to deny [Client's] request for leave to amend the court-ordered First Amended Complaint to conform to new evidence from the Altmans during discovery are each errors of law." Client's second point relied on reads: "[Client's] request for leave to amend the complaint to conform to the evidence sought dismissal of the negligent tort claims, effectively ending the lawsuit by no longer stating a claim for which relief could be granted, and the court then lacked jurisdiction to rule on the abandoned claims—these are errors of law."

lows us to verify the evidence upon which a party relies in support of its argument; without such compliance, this court would effectively act as an advocate of the non complying party." *Boyd v. Boyd,* 134 S.W.3d 820, 824 (Mo.App. W.D.2004) (citations omitted). Of 19 sentences, only 9 cite to the record. Therefore, the statement of facts is not only incomplete and argumentative in violation of 84.04(c), but also contains assertions of fact not supported by the record in violation of Rule 84.04(i).

 As stated in *Livingston v. Schnuck Mkts., Inc.,* 184 S.W.3d 617, 619 (Mo.App. E.D.2006), "because Plaintiff's brief fails to comply with Rule 84.04, his brief preserves nothing for our review and is inadequate to invoke the jurisdiction of this Court." (citing *Gant,* 153 S.W.3d at 866; *Davis,* 93 S.W.3d at 743.) "This court should not be expected either to decide the case on the basis of inadequate briefing or to undertake additional research and a search of the record to cure the deficiency." *Davis,* 93 S.W.3d at 743, (citing *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978)).

### III. CONCLUSION

The appeal is dismissed.

CLIFFORD H. AHRENS and GLENN A. NORTON, JJ., concur.