Luvator MOORE, Plaintiff/Respondent,

v.

Patrice RHODES, Defendant/Appellant.

No. ED 90015.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 16, 2008.

Patrice Rhodes, St. Louis, MO, Pro Se.

Justin A. Relihan, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Patrice Rhodes ("Rhodes") appeals from the judgment of the trial court that awarded Luvator Moore ("Moore") $980.00 on the latter's claim for wrongful withholding of security deposit, and found in favor of Moore on Rhodes's counterclaims for failure to pay the entire security deposit and for breach of the lease. Due to Rhodes's failure to comply with the requirements of Rule 84.04, we dismiss this appeal.[1]

 Before we can consider the merits of the case, we first address the deficiencies in Rhodes's brief. Rhodes is not represented by counsel on appeal, but *pro se* appellants are held to the same standards as licensed attorneys. *See Schaefer v. Altman*, 250 S.W.3d 381, 384 (Mo.App. 2008). They must comply with the Missouri Supreme Court Rules, including Rule 84.04, which sets forth the requirements for appellate briefs. *Id.* An appellant's failure to comply with the rules and requirements set forth in Rule 84.04 constitutes grounds for dismissal of the appeal. *See id.* While cognizant of the problems that *pro se* litigants face, this Court cannot relax the standards for non-attorneys. *Id.* (quoting *Ponzar v. Whitmoor Country Club*, 114 S.W.3d 336, 337 (Mo.App.2003)). Judicial impartiality, judicial economy, and fairness to all parties requires that this Court does not grant *pro se* appellants preferential treatment regarding their compliance with procedural rules. *Kramer v. Park–Et Restaurant, Inc.*, 226 S.W.3d 867, 869 (Mo.App.2007).

According to Rule 84.04(a), an appellant's brief must contain: 1) a detailed table of contents, a table of cases and other authorities cited, all with page references; 2) a concise jurisdictional state-ment; 3) a statement of the facts; 4) the points relied on; 5) an argument that substantially follows the order of the points relied on; and 6) a brief conclusion that states the precise relief sought. The jurisdictional statement should set forth sufficient factual data to show the applicability of the particular provision(s) of Article V, section of the Missouri Constitution whereon jurisdiction is sought to be predicated. Rule 84.04(b). The statement of facts must be a concise and fair statement of the facts that are relevant to the questions to be determined, but should not be argumentative. Rule 84.04(c). All statements of fact and argument must have specific page references to the record on appeal. Rule 84.04(i). Each claim of error must be denominated as a "Point Relied On" and identify the trial court's ruling or action that the appellant challenges, must state concisely the legal reasons for the claim of reversible error, and must explain summarily why, in the context of the case, the stated legal reasons support the claim of reversible error. Rule 84.04(d)(1). The point relied on must be restated at the beginning of the section of the argument discussing that point, and the argument must include concise statement of the applicable standard of review for each claim of error, and must advise the appellate court of how the facts of the case and the legal principles interact. Rule 84.04(e); *Davis v. Coleman*, 93 S.W.3d 742, 743 (Mo. App.2002).

 Rhodes's statement of facts is argumentative, is largely devoid of citations to the record on appeal (three total), and contains assertions of fact that are unsupported by the record. It fails to comply with Rule 84.04(c) and (i). Her Points Relied On also fail to comply adequately

---

**1.** We grant Moore's motion to dismiss the appeal for Rhodes's failure to comply with Rule 84.04.

with Rule 84.04. Neither of her two points relied on substantially follow the format articulated in Rule 84.04(d)(1). They do make a bare allegation of error, namely that the trial court erred in awarding judgment in favor of Moore, but do not otherwise identify the challenged trial court actions; they do not state concise legal reasons to support a claim of reversible error, and do not provide a summary explanation, in the context of the case, of the legal reasons that support reversal. The purported argument section of the brief also does not substantially comply with the requirements of Rule 84.04(e). There is one argument, apparently for both points relied on, with the points relied on being restated after the argument section. We note that the restatement of the first point relied on differs from that set forth in the Points Relied On portion of the brief. The argument incorrectly sets forth the standard of review for a bench-tried case. The proper standard of review is that set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). This Court will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or misapplies the law. *Id.* This Court views the evidence and the reasonable inferences that may be drawn therefrom in the light most favorable to the judgment, disregarding evidence and inferences to the contrary. *Id.* The argument section is also devoid of legal authority, other than a citation to the incorrect standard of review, and devoid of any reference to the legal file or transcript, and fails to advise this Court of how the facts of the case and the principles of law interact.

■■■ Rhodes's brief fails to comply with Rule 84.04 and preserves nothing for our review and is inadequate to invoke our jurisdiction. *See Gant v. Lou Fusz Motor Co.*, 153 S.W.3d 866, 866 (Mo.App.2004). We should not be expected to decide this case based on inadequate briefing or to undertake additional research and rummage around the record in a quest to cure the deficiencies. *Davis*, 93 S.W.3d at 743. We are not required to review an appeal on the merits in the face of glaring violations of Rule 84.04 concerning the requirements of an appellate brief in a civil case. *Coleman v. Gilyard*, 969 S.W.2d 271, 273 (Mo.App.1998). It is not proper for an appellate court to speculate as to the claim of error being raised by an appellant and the supporting legal justification and circumstances. *Boyd v. Boyd*, 134 S.W.3d 820, 823 (Mo.App.2004). We are not permitted to speculate on an appellant's arguments because to do so would place this Court in the role of an advocate for the appellant. *Id.*

The appeal is dismissed.

ROBERT G. DOWD, JR., J., and SHERRI B. SULLIVAN, J., concur.