William B. FAZIO, Appellant,

v.

Stacey L. WOLF, Respondent.

No. ED 97568.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 23, 2012.

---

William B. Fazio, St. Louis, MO, pro se, for Appellant.

Shelby M. Cowley, St. Louis, MO, for Respondent.

ROY L. RICHTER, Judge.

William B. Fazio ("Father") appeals from the trial court's judgment on Father's Motion to Modify the child custody provisions of an Amended Judgment of Paternity from a Wisconsin court, later registered in Missouri, establishing joint legal custody of the parties' minor child, ("Daughter"), between Father and Stacey L. Wolf ("Mother"). Mother has filed a motion to strike Father's brief and dismiss this appeal for continued failure to comply with Rule 84.04 and this Court's order to file a brief that complies with the same rule. Because of Father's numerous violations of Rule 84.04, we dismiss the appeal.

## I. BACKGROUND

Father filed an original *pro se* brief on May 11, 2012. Mother filed a motion to strike Father's brief, asserting that Father failed to comply with Supreme Court Rules 84.04 and 84.06 regarding appellate briefs. This Court agreed with Mother and found that Father's brief failed to comply in at least five different ways. Among the errors found in Father's brief, this Court specifically noted in its Order dated June 14, 2012: Father's brief "fails to provide points relied on that specifically identify the action of the trial court being challenged, the legal reasons for the appellant's claim of reversible error, and why, in the context of the case, those legal reasons support the claim of reversible error with citation to all authorities, not to exceed four, immediately following." Rule 84.04(d)(1); Rule 84.04(d)(5). Additionally, the Order stated that Father's brief "fail[ed] to contain arguments corresponding to the points relied on," citing Rule 84.04(e). Because of the deficiencies in Father's brief, this Court granted Mother's motion to strike, allowing Father additional time to file a proper brief conforming to the rules. The Order further stated, "If [Father] fails to do so, this appeal shall be dismissed."

Father filed an Amended Brief on July 9, 2012. However, Mother filed a motion to strike Father's Amended Brief and dismiss the appeal, along with suggestions in

support of the motion, alleging continued rule violations. This Court took Mother's motion with the case. Mother also filed her Respondent's Brief on September 7, 2012. This appeal follows.

## II. DISCUSSION

Father raises six points on appeal in his Amended Brief. In his first point, he alleges the trial court erred because it allowed violations of Missouri Supreme Court Rules 2–2.9, Ex Parte Communications (A)(1)(a) and (b), and Rule 4–3.5, Impartiality and Decorum of the Tribunal, in that it permitted *ex parte* communications between the court and Mother's counsel providing an unfair advantage for Mother.

Second, Father claims the trial court erred because it entered a judgment that was procured by extrinsic fraud, in that Mother's false representation that the Siegenthaler Plan (topic of the July 27, 2011 pre-trial conference) was agreed to and settled, prevented Father from presenting his case for custody modification under the factors listed in Chapter 452.375 of the Missouri Revised Statutes.

In his third point, Father claims the trial court erred because it based its judgment on "stale evidence" from long-concluded hearings, in that its judgment, while acknowledging a significant change in circumstances, nevertheless relies upon custody provisions and recommendations that are more than six years old and that fail to account for Daughter's interaction and interrelationship with her parents, siblings, and other persons who significantly affect her best interests.

Fourth, Father argues the trial court erred because it did not base its judgment on substantial evidence, judged against the weight of the evidence and misapplied the law, in that it did not consider all relevant factors as set forth in Chapter 452.375.

In his fifth point, Father contends the trial court erred because it abused its discretion in that it entered an order that was against the logic of the circumstances, and was so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful consideration.

Finally, in his sixth point on appeal, Father alleges the trial court erred because, while it did not specifically find that frequent, continuing and meaningful contact between both parents was not in Daughter's best interest, the court's order does not provide for such contact, in that the physical custody plan does not meet the standards required by Chapter 452.375.4.

### Rule 84.04 Requirements are Mandatory

*Pro se* appellants are held to the same standards as attorneys and must comply with the Supreme Court Rules, including Rule 84.04, which provides the requirements for appellate briefs. *Schaefer v. Altman*, 250 S.W.3d 381, 383 (Mo. App. E.D.2008). "While we understand the problem faced by pro se litigants, we cannot relax our standard for non-lawyers." *Ponzar v. Whitmoor Country Club*, 114 S.W.3d 336, 337 (Mo.App. E.D.2003). Much of Father's amended brief again fails to comply substantially with Rule 84.04, even after being given ample opportunity to do so. Although courts of appeals attempt to address the merits of defective briefs, the violations of Rule 84.04 may constitute grounds for dismissal. *Snyder v. Snyder*, 142 S.W.3d 780, 782 (Mo.App. E.D.2004).

First, Father's Points Relied On do not comply with Rule 84.04(d). Rule 84.04(d) requires that the Points Relied On:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error."

Father's first, second, third, fourth and sixth points fail to identify the trial court's ruling or action being challenged, nor do they identify the legal reasons for the claimed reversible error. Further, Father's fifth point fails to explain in summary fashion why, in the context of the case, the legal reasons support the claim of reversible error. Moreover, the alleged *ex parte* communications claimed in Father's point I, as we can decipher here, were at no time before or during the evidentiary hearing raised with the trial court, and thus, are unpreserved.

■ "The error contemplated by Rule 84.04(d) in a court-tried case is not the judgment itself but the trial court's actions or rulings on which the adverse judgment is based, such as explicitly or implicitly making or failing to make a certain factual finding, applying or failing to apply a particular rule of law, taking or failing to take a certain procedural action, etc." *Wheeler v. McDonnell Douglas Corp.,* 999 S.W.2d 279, 283 n. 2 (Mo.App. E.D.1999). Because appellate courts are courts of error, a point relied on that does not identify a specific error preserves nothing for appellate review. *Columbia Mut. Ins. Co. v. Long,* 258 S.W.3d 469, 473 (Mo.App. W.D.2008).

■ Father's argument portion of his amended brief also remains deficient. Rule 84.04(e) requires that an appellant's argument portion of its brief "shall also include a concise statement of the applicable standard of review for each claim of error." "The standard of review is an essential portion of all appellate argu-

ments; it outlines this court's role in disposing of the matter before us." *Waller v. Shippey,* 251 S.W.3d 403, 406 (Mo.App. W.D.2008). It is not the duty of the court to supplement the deficient brief with our own research as to the proper standard of review. *Id.* Father's points I, II, III, and VI fail to include even a slight reference to a standard of review. Father's fourth and fifth points include a reference to a standard of review, but fail to delineate it as such.

Additionally, a proper argument section must include relevant legal authority or explain why it fails to cite applicable authority. *Studt v. Fastenal Co.,* 326 S.W.3d 507, 508 (Mo.App. E.D.2010). Here, Father's argument section contains little citation to relevant authority. Specifically, in his second point, he cites no authority relative to the alleged "extrinsic fraud," and fails to show how the principles of law and the facts of the case interact. *Snyder,* 142 S.W.3d at 783. Father's Point IV also fails to include any reference to case law supporting his contentions. "[C]ompliance with Rule 84.04 ensures that the appellate court does not act as an advocate for the party by speculating on facts and arguments that were not asserted." *Id.* (quoting *Woodson v. City of Independence,* 124 S.W.3d 20, 24 (Mo.App. W.D.2004)). "Reaching the merits would require considerable advocacy on our part and would thereby increase the likelihood of reaching the wrong decision and generating questionable precedent." *Waller,* 251 S.W.3d at 407.

Finally, Father cites unrelated and irrelevant matters regarding Mother's counsel, and further includes materials on the same matter in his Appendix. These matters were not in the record before the trial court and are not part of the Legal File. The Appendix is limited to materials from the Legal File. Rule 84.04(h).

In failing to articulate a basis for this Court to find the presence of reversible error, and in neglecting to substantially follow the mandatory requirements of Rule 84.04, Father's appeal must be dismissed.

### III. CONCLUSION

Because Father did not comply with the requirements of Rule 84.04, he failed to preserve his claims for review and we dismiss his appeal.

ROBERT G. DOWD, JR., and
ANGELA T. QUIGLESS, J., concur.