Joseph S. POTTER, Respondent,

v.

Alyssa R. KLEY, Appellant.

No. ED 98757.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 22, 2013.

Frank A. Conard, St. Peters, MO, for appellant.

Paul J. Passanante, St. Louis, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Alyssa Kley (Defendant) appeals the judgment in favor of Joseph Potter (Plaintiff) in his wrongful death action for the death of the couple's infant son. Defendant claims the trial court plainly erred in denying her motions for directed verdict and judgment notwithstanding the verdict because, during closing arguments, Plaintiff's counsel improperly: (1) commented on the collectability of the judgment; (2) personalized the facts of the case to the jury; and (3) led the jury to consider grief and bereavement. We affirm.[1]

### Factual and Procedural Background

On November 19, 2009, Plaintiff's and Defendant's infant son Wyatt Potter suffocated and died while in Defendant's care. Plaintiff filed a wrongful death action against Defendant pursuant to Section 537.080, *et seq.*, alleging that, while Plaintiff was at work and Defendant was caring for Wyatt, she became intoxicated, placed Wyatt face down on her bed, and fell asleep and/or passed out in the bed with him. Plaintiff further alleged that Defendant's negligence and recklessness caused Wyatt's death. In addition to actual damages, Plaintiff requested "an additional amount as damages for aggravating circumstances, in such sum as the jury believes will serve to punish [Defendant] and deter [Defendant], and others, from like conduct in the future."

The trial court conducted a jury trial. During closing arguments, Plaintiff's counsel highlighted Defendant's testimony that she felt neither guilt nor responsibility for Wyatt's death. Plaintiff's counsel argued:

> Let's talk about the defendant. Maybe some of you have children. When your kid falls down, do you, for some reason, feel a little guilty and responsible when your kid does something wrong? Do you feel a little bit guilty and responsible? She was drunk out of her mind, attempting to care for a child that died while he was in her sole custody, and she takes the witness stand and tells you

---

1. Plaintiff's motion for damages for frivolous appeal is denied.

that she doesn't feel guilty or responsible? That's chilling.

In defense counsel's closing argument, he asserted that Plaintiff's motivation for filing the wrongful death action against Defendant was monetary gain, stating:

Ladies and gentlemen, I told you at the beginning of this trial that it was all about a pay day for [Plaintiff]. Well, we are at the end of the trial and it's still ... that's still what it's about. He's looking for a pay day. Because no matter how much money he receives, is [sic] not going to bring the kid back. It's not going to do anything. But it's going to make him feel better if he has a pocketful of dollars.

Plaintiff's counsel rebutted this allegation in his final summation, reminding the jury that Defendant "told you under oath she doesn't feel guilt and doesn't feel responsible." Plaintiff's counsel explained that Plaintiff "doesn't want a pay day," he wanted Defendant "to feel some remorse.... He came to you for justice. Justice for Wyatt." Plaintiff's counsel further argued:

Let me tell you something, they keep— he keeps talking about this pay day. I told you whatever amount of money you award in compensatory damages is fine with us. I have told you whatever amount of money that you want to award for aggravating circumstances is fine with us. I haven't asked you for ten dollars or ten million dollars, because it's up to you. It's up to you. But let me tell you something, one thing you don't have to worry about is whether or not he will ever be able to collect a dime from this lady who earns thirteen thousand dollars a year. That's not before

you whether he can collect the judgment, or how he would collect the judgment. He is asking you to award a substantial verdict in this case, not because he can collect it from this wino, but because it's going to send a message to the people of this county, and the people of this state, and the people of this country, if you have a seven week old kid, you can't get so drunk that you can't explain to a jury what happened.

In regard to damages for aggravating circumstances, Plaintiff's counsel urged the jury, "the more you put in there for aggravating circumstances, the louder your message will be. Don't worry about when we can collect it. I don't care. [Plaintiff] doesn't care. She makes thirteen thousand dollars a year, that isn't the point. This is the principle of the thing."

After deliberations, the jury found Defendant liable for Wyatt's wrongful death and awarded Plaintiff $100,000 in compensatory damages and $200,000 in additional, punitive damages for aggravating circumstances. Defendant filed a motion for judgment not withstanding the verdict (JNOV), which she later amended, requesting the trial court grant either JNOV or a new trial on the grounds that Plaintiff's counsel's allegedly improper comments in closing argument prejudiced the jury. The trial court heard arguments and denied Defendant's post-trial motion. Defendant appeals.

### *Standard of Review*

■■■ Defendant did not object to Plaintiff's counsel's closing argument at trial. Accordingly, she failed to preserve her claims for appellate review.[2] *See*

---

**2.** Defendant did not advise in her brief that she failed to raise an objection to the allegedly improper arguments when they occurred. "Any failure to object to a matter at trial—a

very important fact in determining the appropriate standard of review—should be disclosed in the appellant's brief and not left to the respondent to point out to the [c]ourt."

*Rush v. Senior Citizens Nursing Home Dist. of Ray County,* 212 S.W.3d 155, 162 (Mo.App. W.D.2006). Unpreserved claims of error are subject only to review for plain error. *Id.* Under Rule 84.13(c), "[p]lain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 84.13(c). Comments made during closing arguments rarely rise to the level of plain error entitling a party to relief. *Rush,* 212 S.W.3d at 163.

### Discussion

■■■ In her three related points on appeal, Defendant claims that the trial court plainly erred in denying her motions for directed verdict and JNOV[3] because, in closing argument, Plaintiff's counsel improperly: (1) commented on the collectability of the judgment; (2) personalized the facts of the case; and (3) led the jury to consider grief and bereavement when determining damages. Plaintiff counters that counsel's closing arguments were proper and did not result in either manifest injustice or a miscarriage of justice.

■■■ Attorneys are allowed substantial latitude in closing argument. *Mengwasser v. Anthony Kempker Trucking, Inc.,* 312 S.W.3d 368, 376 (Mo.App. W.D. 2010). "The permissible field of argument is broad and as long as counsel does not go beyond the evidence and issues drawn by the instructions or urge prejudicial matters or claim or defense which the evi-

dence and issues do not justify, counsel is permitted wide latitude in his comments." *Hammer v. Waterhouse,* 895 S.W.2d 95, 106 (Mo.App. W.D.1995). Indeed, "plain error occurs in closing argument only if the closing argument contains reckless assertions, unwarranted by proof and intended to arouse prejudice, which, therefore, may be found to have caused a miscarriage of justice." *Morgan Publ'ns, Inc. v. Squire Publishers, Inc.,* 26 S.W.3d 164, 170 (Mo.App. W.D.2000) (quotation omitted).

■■■ In her first point on appeal, Defendant claims the trial court plainly erred in denying her motion for JNOV because Plaintiff's counsel's closing comments relating to collectability of the judgment severely prejudiced her case. Defendant asserts that remarks about collectability of the judgment were improper because they "clearly fell outside any issue conveyed in the pleadings." However, to determine whether counsel's closing arguments were plainly unwarranted and injurious to Defendant, this court must consider the argument in light of the entire record, not solely the pleadings. *Hemann v. Camolaur, Inc.,* 127 S.W.3d 706, 712 (Mo.App. W.D.2004). Defendant failed to include the full transcript in the record on appeal, choosing to include only the portion containing the parties' closing arguments. "It is the duty of an appellant to provide an appellate court with a record containing everything necessary to the determination of the questions presented to it." *Coulter v. Michelin Tire Corp.,* 622 S.W.2d 421, 437 (Mo.App. S.D.1981); *see also* Rule 81.12. Because Defendant

---

*Arrington v. Goodrich Quality Theaters, Inc.,* 266 S.W.3d 856, 860 n. 5 (Mo.App. S.D.2008).

**3.** Defendant's motion for directed verdict does not appear in the record on appeal. We also note that the "purpose of motions for directed verdict and JNOV is to challenge the submissibility of the plaintiff's case." *Bailey v. Hawthorn Bank,* 382 S.W.3d 84, 99 (Mo.

App. W.D.2012) (quotation omitted). The filing of such motions is not a proper means for raising an objection to argument of counsel. Allegations of error must be raised in a motion for a new trial to preserve them for appellate review. Rule 78.07(a); *Brandt v. Csaki,* 937 S.W.2d 268, 275 (Mo.App. W.D. 1996).

failed to provide this court with the record necessary to review her claim that Plaintiff's counsel's closing argument exceeded the scope of the issues at trial, we cannot say the trial court plainly erred in denying her relief on that basis.[4] *See, e.g., Mack v. Mack,* 349 S.W.3d 475, 478 (Mo.App. S.D.2011).

In support of the proposition that "any reference to the collectability of a judgment that is not within the scope of the pleadings of the case is prejudicial error," Defendant relies on *Laclede Inv. Corp. v. Kaiser,* 541 S.W.2d 330 (Mo.App.1976). There, the trial court granted the defendants' motion for a new trial because the trial court erred in overruling the defendants' objection to plaintiff's counsel's closing remarks that a judgment against the defendants would not be collectible. *Laclede Inv.,* 541 S.W.2d at 338. The court held that the trial court did not clearly abuse its discretion in granting defendants a new trial on this ground because "[w]hether a judgment is collectible is not a consideration for the jury," collectability was not "an issue framed by the pleadings," and "a jury should not be guided by the collectability of a judgment in arriving at their verdict." *Id.* at 338–39.

The substance and procedural posture of *Laclede Inv.* are distinguishable from the case at bar. In *Laclede Inv.,* the plaintiff, in contrast to Defendant here, appealed the trial court's grant of a motion for a new trial. *Id.* at 333. "The general rule is that on appeal from the trial court's grant of a new trial the Court of Appeals must indulge every reasonable inference favor-

able to the trial court's ruling and may not reverse unless there has been a clear abuse of discretion." *Id.* Significantly, unlike the defendants in *Laclede Inv.,* Defendant did not object to Plaintiff's counsel's remarks at trial and thus did not preserve her claim of error. Moreover, the facts in *Laclede Inv.* are very dissimilar and in reaching its decision, the court relied on cases in which prejudicial error was found on the basis that the plaintiff suggested the defendant would not have to pay a judgment because "an insurance company was actually the one who would have to pay or satisfy the judgment." *Id.* The record does not support that Plaintiff intended to suggest an insurance company would pay the judgment. Accordingly, we find no abuse of discretion. Point denied.

■■■ In her second point on appeal, Defendant claims the trial court plainly erred in denying her motion for JNOV because Plaintiff's counsel personalized the facts of the case to the jury and severely prejudiced Defendant's right to a fair trial. More specifically, Defendant claims Plaintiff's counsel improperly personalized the facts of the case by "urg[ing] jurors to assign a value to the life of their child."

Defendant cites *State v. Long,* 684 S.W.2d 361 (Mo.App. E.D.1984) in support of her claim that counsel's closing comments constituted improper personalization. *Long* is inapposite. In *Long,* the prosecutor in a forcible rape case repeatedly urged the jurors during closing arguments to place themselves in the position of the victim. 684 S.W.2d at 364. On appeal, this court held that the prosecu-

---

4. Even if Plaintiff's counsel's argument exceeded the scope of the issues at trial, we are mindful that "the law indulges a liberal attitude toward closing argument, particularly where the comment complained of is a fair retort or responds to prior argument of opposing counsel." *Delacroix v. Doncasters, Inc.,* 407 S.W.3d 13, 46 (Mo.App. E.D.2013). The transcript portions we were able to re-

view reveal that Plaintiff's counsel commented on the collectability of the judgment in response to defense counsel's assertion that the sole purpose of Plaintiff's action against Defendant was monetary gain. As a result, Defendant cannot establish that Plaintiff's counsel's statements about collectability amounted to a manifest injustice.

tor's closing argument "was knowingly, intentionally, and blatantly an effort to bias and prejudice the jury, that it substituted the jurors for the victim and thus disqualified the jury from performing its proper duty." *Id.* at 366. Unlike *Long*, the instant case does not involve a criminal prosecution. More importantly, Plaintiff's counsel asked the jury to place themselves in the position of Defendant, not Plaintiff or Wyatt, the victim. Point denied.

In her third point on appeal, Defendant contends that the trial court plainly erred in denying her motion for JNOV because Plaintiff's counsel violated Section 537.090[5] by "wrongfully leading the jury to consider grief and bereavement in considering the award amount during closing argument." However, Defendant fails to identify which comments by Plaintiff's counsel allegedly violated the law. "Were this court to seine the record in an attempt to discern perceived errors consistent with the ill-framed [point on appeal], this court would be acting as an advocate for [Defendant], an inappropriate undertaking for an appellate court." *Atkins v. McPhetridge*, 213 S.W.3d 116, 120 (Mo. App. S.D.2006). "Because appellate courts are courts of error, a point relied on that does not identify a specific error preserves nothing for appellate review." *Fazio v. Wolf*, 383 S.W.3d 47, 50 (Mo.App. E.D. 2012). Point denied.

### Conclusion

The judgment of the trial court is affirmed.

LISA S. VAN AMBURG, P.J., and GARY M. GAERTNER, JR., J., concur.

---

**5.** Section 537.090 provides that "damages for grief and bereavement by reason of the death shall not be recoverable...." Mo.Rev.Stat. § 537.090.