FIRST STATE BANK OF
ST. CHARLES, Missouri,
Plaintiff/Respondent,

v.

AMERICAN FAMILY MUTUAL IN-
SURANCE COMPANY and McBaine
Solutions, Inc., Defendants,

and

George W. Carlisle, Jr.,
Defendant/Appellant.

No. ED 90742.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 23, 2008.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 4, 2009.

Application for Transfer Denied
March 31, 2009.

George Carlisle, Jr., St. Peters, pro se.

David W. White, Jacqueline M. Sexton, Foland, Wickens, Eisfelder, Roper & Hofer, P.C., Kansas City, and Gregory Herkert, The Herkert Law Firm, P.C., St. Louis, MO, for Respondent First Bank of St. Charles.

KURT S. ODENWALD, Presiding Judge.

## Introduction

George W. Carlisle, Jr., (Carlisle) appeals from the judgment of the trial court entered on October 5, 2007, following a bench trial on an interpleader petition filed by First State Bank of St. Charles (Bank) against American Family Mutual Insurance Company (American Family) and Carlisle, awarding Bank $18,911.45 in insurance proceeds paid by American Family, and ruling in favor of Bank on Carlisle's counterclaim alleging breach of contract. On appeal, Carlisle argues that the trial court erred in: (1) failing to grant Carlisle's Motion to Dismiss for Lack of Subject Matter Jurisdiction; (2) conducting a bench trial; (3) failing to grant Carlisle a permanent injunction; (4) failing to grant Carlisle's Motion to Disburse Funds; and (5) denying Carlisle's counterclaim for

breach of contract. We dismiss for failure to comply with Rule 84.04.

### Factual and Procedural Background

Following a fire at Carlisle's home and his subsequent insurance claim with American Family, Bank filed an interpleader action seeking the award of insurance proceeds paid by American Family. Carlisle filed a counterclaim alleging various causes of action, of which only Count III for breach of contract remained at the time of trial. Carlisle appeared for the bench trial, which resulted in a favorable order and judgment for Bank on both its interpleader petition and Carlisle's counterclaim. The trial court ordered the insurance proceeds that had been paid into the registry of the court to be disbursed to Bank, denied Carlisle's claim on Count III of his Second Amended Counterclaim, and ordered that the temporary retraining order entered on February 1, 2007, be dissolved pursuant to Bank's Motion to Dissolve Temporary Restraining Order. Carlisle file this appeal *pro se*. The Notice of Appeal filed by Carlisle states that Carlisle is appealing from the judgment entered in this action October 5, 2007.

Bank filed a Motion to Strike Carlisle's brief for failure to comply with Rule 84.04, which was taken with the case. For reasons set forth below, we grant Bank's Motion to Strike and dismiss Carlisle's appeal for non-compliance with Rule 84.04.[1] We also dismiss portions of Carlisle's appeal pursuant to Rule 81.08(a).

### Discussion

#### Points I and IV

■ Carlisle's first Point Relied On asserts that the trial court erred in its De-

cember 18, 2006 ruling on Carlisle's Motion to Dismiss. Carlisle did not include in his Legal File a copy of the Motion to Dismiss for Lack of Subject Matter Jurisdiction. In his fourth Point Relied On, Carlisle claims the trial court erred in its rulings on his Request for Order of Disbursement, which was initially granted on November 27, 2006, and later set aside by the trial court's order of December 18, 2006. Carlisle did not include in his Legal File a copy of the Request for Order of Disbursement or the trial court's order of November 27, 2006. Fatal to his first and fourth Points Relied On is Carlisle's failure to include with the Legal File a copy of the pleadings at issue in these points as required by Rule 81.12(a).

For the reasons set forth above, Points 1 and 4 of Carlisle's Points Relied On are dismissed.

#### Deficiencies in Carlisle's Brief

Before considering the merits of the remaining points, we address the deficiencies in Carlisle's brief. Rule 84.04 governs the contents of all briefs filed in this Court. According to Rule 84.04(a), an appellant's brief must contain: 1) a detailed table of contents, a table of cases and other authorities cited, all with page references; 2) a concise jurisdictional statement; 3) a statement of the facts; 4) the points relied on; 5) an argument that substantially follows the order of the points relied on; and 6) a brief conclusion that states the precise relief sought. The jurisdictional statement should set forth sufficient factual data to show the applicability of the particular provision(s) of Article V, Section 3 of the Missouri Constitution whereon jurisdiction is sought to be predicated. Rule 84.04(b). The statement of facts must be a concise

---

1. Carlisle also filed a Motion to Strike Portions of Respondent's Brief, which motion is denied.

and fair statement of the facts that are relevant to the questions to be determined, but should not be argumentative. Rule 84.04(c). All statements of fact and argument must have specific page references to the record on appeal. Rule 84.04(i). Each claim of error must be denominated as a "Point Relied On" and identify the trial court's ruling or action that the appellant challenges, must state concisely the legal reasons for the claim of reversible error, and must explain summarily why, in the context of the case, the stated legal reasons support the claim of reversible error. Rule 84.04(d)(1). A point relied on must be restated at the beginning of the section of the argument discussing that point, and the argument must include a concise statement of the applicable standard of review for each claim of error, and must advise the appellate court of how the facts of the case and the legal principles interact. Rule 84.04(e); *Davis v. Coleman*, 93 S.W.3d 742, 743 (Mo.App. E.D.2002).

■ This Court insists upon compliance with Rule 84.04. Without such compliance, we would be forced to speculate on the facts and arguments not asserted. By doing so, this Court would be advocating for the non-compliant party, which we cannot and will not do. *Prosser v. State*, 243 S.W.3d 496, 498 (Mo.App. E.D.2008). This court should not be expected either to decide the case on the basis of inadequate briefing or to undertake additional research and a search of the record to cure the deficiency. *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978).

■ Carlisle appears before this Court *pro se*. Although Carlisle is not represented by legal counsel, *pro se* appellants are held to the same standards as are attorneys. *Prosser*, 243 S.W.3d at 497. A *pro se* appellant must comply with the Missouri Supreme Court Rules, including Rule 84.04, which sets forth the require-

ments for appellate briefs. *Schaefer v. Altman*, 250 S.W.3d 381, 384 (Mo.App. E.D.2008). An appellant's failure to comply with the rules and requirements set forth in Rule 84.04 constitutes grounds for dismissal of the appeal. *See id.* While we are mindful of the problems faced by *pro se* litigants, this Court cannot relax the standards for non-attorneys. *Id.* (*citing Ponzar v. Whitmoor Country Club*, 114 S.W.3d 336, 337 (Mo.App. E.D.2003)). Judicial impartiality, judicial economy, and fairness to all parties require that this Court does not grant *pro se* appellants preferential treatment regarding their compliance with procedural rules. *Kramer v. Park–Et Rest., Inc.*, 226 S.W.3d 867, 869 (Mo.App. E.D.2007).

■ Carlisle's Statement of Facts is substantially inadequate and presents few if any facts for our consideration when reviewing each of Carlisle's points on appeal. The Statement of Facts appears to be a recitation of allegations contained in an affidavit filed with a pleading in the trial court. The Statement of Facts consists solely of legal conclusions, allegations, and argument, and does not provide facts pertinent to the issues raised by this appeal. The Statement of Facts is devoid of citations to the record on appeal, and contains assertions of fact that are unsupported by the record. This Court will not act as an advocate by scouring the record for facts to support Defendant's contentions. *Prosser*, 243 S.W.3d at 498. Carlisle's Statement of Facts fails to comply with Rule 84.04(c) and (i).

■ Carlisle also fails to comply adequately with Rule 84.04(e). With regard to his second point, Carlisle's entire argument consists as follows: "The finding that Carlisle was afforded a Jury Trial on his Counterclaim is not supported by substantial evidence, and is against the weight of

other related evidence." Carlisle adds nothing more to his argument, which is void of even one single citation to any relevant legal authority, and does not discuss how the law applies to the facts in this case in violation of Rule 84.04(e). With regard to Carlisle's argument on his fifth point, Carlisle makes no mention, comment, or analysis regarding the alleged "improper legal fees" that form the basis of the breach of contract as stated in his fifth point on appeal. Other than stating the elements of a breach of contract claim, Carlisle's argument does not contain a single citation to any relevant legal authority nor does it discuss how the law applies to the facts in this case in violation of Rule 84.04(e). If a party fails to support a contention with argument beyond conclusions, the point is also considered abandoned. *Prosser*, 243 S.W.3d at 497–98. It is also noteworthy that Carlisle's Statement of Facts sets forth no "facts" relevant to his claimed error that the Bank breached "the contract" by adding "improper legal fees." In fact, the Statement of Facts does not even reference any alleged improper legal fees charges.

■ Similar to his arguments under his second and fifth points on appeal, Carlisle's argument under his sixth point merely states a few conclusions that the trial court did not seriously consider his counterclaim, and then repeats the elements for a breach of contract claim. This does not meet the requirements of Rule 84.04(e). Carlisle's argument fails to explain why, in the context of the case, the evidence supports a claim of reversible error or even what that the evidence is. Carlisle fails to provide any explanation, analysis or support for his sixth point on appeal, leaving this Court with little, if any, understanding of his claimed error.

■ The argument sections of Carlisle's second, fifth, and sixth Points Relied On simply do not advise this Court of how the facts of the case and the principles of law interact. It is not within the Court's province to decide arguments that are not adequately developed. *Kimble v. Muth*, 221 S.W.3d 419, 423 (Mo.App. W.D.2006). A deficient argument is grounds for dismissal. *Id.*

■ Carlisle's brief fails to comply with Rule 84.04 and preserves nothing for our review. *See Gant v. Lou Fusz Motor Co.*, 153 S.W.3d 866 (Mo.App. E.D.2004). We cannot be expected to decide this case based on inadequate briefing. Nor should we undertake additional research or painstakingly examine the record in a quest to cure the brief's deficiencies. *Davis*, 93 S.W.3d at 743. We are not required to review an appeal on the merits in the face of glaring violations of Rule 84.04. *Coleman v. Gilyard*, 969 S.W.2d 271, 273 (Mo. App. W.D.1998). It is not proper for an appellate court to speculate as to the claim of error being raised by an appellant and the supporting legal justification and circumstances. *Boyd v. Boyd*, 134 S.W.3d 820, 823 (Mo.App. W.D.2004). To do so would place this Court in the role of an advocate for the appellant. *Id.*

The appeal is dismissed.

GLENN A. NORTON and PATRICIA L. COHEN, JJ., Concur.