**Don J. ENGLEMEYER, Appellant,**

v.

**MISSOURI REAL ESTATE COMMISSION,
Respondent.**

**No. ED 92510.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 8, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 25, 2010.

Application for Transfer Denied
March 2, 2010.

Molly Henshaw, St. Louis, MO, for Appellant.

Chris Koster, Neel Mookerjee, Jefferson City, MO, for Respondent.

SHERRI B. SULLIVAN, P.J.

## Introduction

Don J. Englemeyer (Appellant) appeals from the trial court's judgment dismissing his Petition for Judicial Review (Petition) of the Findings of Fact and Conclusions of Law of the Administrative Hearing Commission (AHC), which affirmed the Missouri Real Estate Commission's (MREC) revocation of Appellant's real estate license. This appeal is dismissed for Appellant's failure to comply with Missouri Rules of Civil Procedure 84.04 and 81.12.[1]

## Discussion

Appellant's real estate broker-salesperson license (license) was revoked by the MREC when he disclosed a prior conviction for first-degree sexual misconduct on his application to renew his license. The AHC affirmed the revocation. Appellant filed his Petition with the trial court requesting its review of the decisions of MREC and the AHC. The trial court dismissed Appellant's petition without prejudice, finding that he failed to comply with Section 536.130.1(2)[2] in failing to file the record from AHC with the trial court, and in failing to serve AHC with his Petition. This appeal follows.

Rule 84.04 mandates what an appellant's brief shall contain. "Violations of Rule 84.04 are grounds for a court to dismiss an appeal." *Shochet v. Allen,* 987 S.W.2d 516, 518 (Mo.App. E.D.1999). Whether an appeal will be dismissed for failure to comply with Rule 84.04 is discretionary. *Keeney v. Missouri Highway & Transp. Com'n,* 70 S.W.3d 597, 598 n. 1 (Mo.App. S.D.2002). "That discretion is generally not exercised unless the deficiency impedes disposition on the merits. 'A brief impedes disposition on the merits where it is so deficient that it fails to give notice to [the court] and to the other parties as to the issue presented on appeal.' " *Id.,* quoting *Wilkerson v. Prelutsky,* 943 S.W.2d 643, 647 (Mo.banc 1997).

Rule 84.04(c) provides that the statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument; and Rule 84.04(i) requires that all statements of fact and argument shall have specific page references to the legal file or the transcript. The statement of facts contained in Appellant's brief consists primarily of statements lacking any reference to the legal file or other supporting documents, and long quotations from statutes. As such, Appellant's statement of facts fails to comply with Rule 84.04.

We are inclined to overlook these deficiencies and noncompliance with Rule 84.04, if we can discern the facts and evidence that were before the trial court from the record provided on appeal. But here, again, Appellant has failed to file a sufficient record before us to do that. Rule 81.12(a) provides: "The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." Appellant did

1. All rule references are to Mo. R. Civ. P.2004.

2. All statutory references are to RSMo 2004, unless otherwise indicated.

not provide this Court with copies of the AHC decision or the MREC order referenced in his Petition. Given the record on appeal, we can only speculate as to whether Appellant even attached copies of these decisions to his Petition when he filed it with the trial court. Accordingly, Appellant's record on appeal, including the legal file, substantially fails to comply with Rule 81.12.

Appellant maintains in his brief that he supplied the trial court with an "agreed statement of the case; a stipulated list of facts agreed upon by both parties throughout the administrative hearing process, and approved as correct by the agency which included the stipulated facts in the agency's Findings of Fact and Conclusions of Law order dated June 27, 2008." However, we find no indication in the legal file that a separate stipulated list of facts or an agreed and approved statement of the case was filed with the trial court. Likewise, the record is devoid of any indication that Appellant ever requested a record from the AHC, or had an agreed statement of the case approved by the AHC. Moreover, Appellant's assertion is denied by the MREC in its brief, and Appellant admitted at oral argument that he had not communicated with the MREC concerning an agreed statement or stipulated list of facts before filing his "stipulated facts" (a copy of which MREC also states that it had never received) with the trial court.

The record provided by Appellant does not provide enough information for meaningful appellate review and impedes our disposition on the merits. *Prosser v. State,* 243 S.W.3d 496, 498 (Mo.App. E.D. 2008). The only information we have indicating the basis for Appellant's license revocation is an unsupported statement in his brief that his license was revoked, pursuant to Section 339.100 RSMo Cum.Supp. 2006, when he disclosed a prior conviction for first-degree sexual misconduct on his application to renew his broker-salesperson license. It is the appellant's responsibility to deposit all exhibits necessary for the determination of any point relied on. Rule 81.12(e).

Appellant's substantial noncompliance with this rule forces us to speculate on the facts and argument. "This court should not be expected either to decide the case on the basis of inadequate briefing or to undertake additional research and a search of the record to cure the deficiency." *Prosser,* 243 S.W.3d at 498.

An appellant's failure to comply with the rules and requirements constitutes grounds for dismissal. *First State Bank of St. Charles v. Am. Family Mut. Ins. Co.,* 277 S.W.3d 749, 751–52 (Mo.App. E.D. 2008). Appellant's failure to comply with Rules 84.04 and 81.12 impedes our ability to reach a disposition on the merits to such an extent that we could not conduct a meaningful review without improperly advocating for Appellant. *Id.* at 752. The record on appeal must contain all of the record, proceedings, and evidence necessary for a determination of the questions presented to the appellate court, or dismissal is appropriate. *See Rice v. State, Dept. of Soc. Services,* 971 S.W.2d 840, 843 (Mo.App. E.D.1998).

### Conclusion

For the foregoing reasons, the appeal is dismissed.

ROBERT G. DOWD, J., and PATRICIA L. COHEN, J., concur.