**FIRST BANK, Plaintiff/Respondent,**

v.

**THE ANNIE–JOYCE GROUP, LLC, and Byron R. Hayes, Defendants/Appellants.**

**No. ED 95034.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 25, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 10, 2011.

Application for Transfer Denied
April 26, 2011.

Byron R. Hayes, St. Louis, MO, pro se.

Patrick Joseph Boyle, St. Louis, MO, for Respondent.

*OPINION*

MARY K. HOFF, Judge.

The Annie–Joyce Group, LLC (Annie–Joyce), and Byron R. Hayes (Hayes)[1](collectively Defendants) appeal from the judgment denying their motion to set aside a default judgment. We dismiss for failure to comply with Rule 84.04.

*Factual and Procedural Background*

On April 18, 2006, Annie–Joyce executed an application for a Business Preferred Credit Agreement. The terms of the contract provided that Annie–Joyce would be the borrower and Hayes would be the guarantor of any amounts owing pursuant to the contract. The contract provided that First Bank would make certain advances to Annie–Joyce and that Annie–Joyce would, in turn, pay those amounts back to First Bank in monthly installments. On October 22, 2008, Defendants defaulted on the loan. Subsequently, First Bank filed a Petition for Breach of Contract against Defendants. Defendants were served with a copy of First Bank's Petition on September 23, 2009. On October 8, 2009, Annie–Joyce and/or Hayes filed a copy of an Alias Summons and First Bank's Petition with the words "Conditionally Accepted" written on each page. Hayes appeared in Court on his own behalf on November 24, 2009, January 5, 2010 and February 2, 2010. An attorney did not, at any time, enter an appearance on behalf of Annie–Joyce. The case was originally set for trial on January 5, 2010. On January 5, 2010, Hayes appeared on his own behalf, and without counsel for Annie–Joyce, and requested a continuance. At that time, the case was re-set for trial on February 2, 2010. On February 2, 2010, Hayes again appeared in Court on

---

1. Hayes appeared *pro se* as agent for Annie–Joyce.

his own behalf, and again without counsel for Annie–Joyce, and requested a continuance of that trial date. The case was reset for trial for a third time on March 16, 2010. Hayes signed the memo setting the case for trial on March 16, 2010.

Neither Hayes nor counsel for Annie–Joyce appeared for trial on March 16, 2010. First Bank presented exhibits to the trial court in support of a Motion for Default Judgment. After considering the pleadings and exhibits, the trial court entered a Judgment in Default on March 16, 2010 in the amount of $8,214.40 against Annie–Joyce and Hayes, jointly and severally.

On March 17, 2010, Hayes filed a Motion to Set Aside the Default Judgment referring to himself as "Agent for the ANNIE JOYCE GROUP LLC."[2] On May 3, 2010, Hayes, again identifying himself as "agent for the ANNIE JOYCE GROUP LLC, Respondent/unrepresented party," filed a request to file an Amended Motion to Set Aside the Default Judgment. The memorandum of May 3, 2010 states that, "The subject motion filed March 17, 2010 is missing information that materially relate [sic] to the good cause and meritorious defense(s) of Respondent." The Motion for Default Judgment was heard by the trial court on May 11, 2010. At the hearing on the Motion, First Bank appeared by counsel, Annie–Joyce was not represented by counsel and Hayes appeared on his own behalf. After hearing oral argument, the trial court took the Motion to Set Aside Default Judgment under submission and soon after entered a Judgment and Order denying the motion and stating, among other things, that, "The Judgment entered on March 16, 2010 to remain in full force and effect." This appeal follows.

*Discussion*

 At the outset, we note Defendants have failed to comply with Rule 84.04 and that it is nearly impossible to review Defendants' case on appeal. *Pro se* appellants are bound by the same rules of procedure as those admitted to practice law and are entitled to no indulgence they would not have received if represented by counsel. *Thompson v. Flagstar Bank, FSB*, 299 S.W.3d 311, 313 (Mo.App. S.D. 2009). An appellant is required to substantially comply with the mandatory briefing requirements of Rule 84.04 as well as the other Missouri Rules of Court. *Id.* Failure to comply with the rules constitutes grounds for dismissal. *First State Bank of St. Charles v. Am. Family Mut. Ins. Co.*, 277 S.W.3d 749, 751–52 (Mo.App. E.D.2008). Failure to comply with Rule 84.04 impedes our ability to reach a disposition on the merits to such an extent that we could not conduct a meaningful review without improperly advocating for the appellant. *Id.* at 752.

 First, we note Defendants' statement of facts violates Rule 84.04(c), which requires an appellant's brief to contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case. *Dressel v. Dressel*, 214 S.W.3d 341, 342 (Mo. App. E.D.2007). From Defendants' recitation of the statement of facts, we are unable to decipher or to determine the pertinent facts of this appeal. Additionally, there are "facts" alleged in Defendants' brief which are not supported by the record. For example, Defendants state that

---

**2.** The Motion was not signed by counsel on behalf of Annie–Joyce and it is not clear from the Motion which of the Defendants is seeking relief from the Default Judgment.

First Bank transferred the debt owing by Defendants to a debt buyer/collector referred to throughout Defendants' brief as "DUNN," and in the conclusion of the brief as "Cohen DUNN & Pappas P.C." There is nothing in the record which either suggests a transfer by First Bank of the debt owing by Defendants, or is there any reference in the record to "Cohen DUNN & Pappas P.C." In addition, none of Defendants' points relied on or argument adhere to the requirements of the rule. Rule 84.04(d), (e). Rather than citing applicable precedent, Defendants' argument section, under each of their points relied on, contains a rambling discourse of topics wholly unrelated to Defendants' appeal and, specifically, unrelated to Defendants' challenge to the Judgment and Order entered by the Court on May 11, 2010. The argument advanced by Defendants is not supported by any applicable authority and is based neither in law nor in fact. Moreover, Defendants continually misstate the standard of review with respect to a Motion to Set Aside Default Judgment,[3] at various points alleging that "[t]here are genuine issues of material fact in question," which standard, of course, relates to a Motion for Summary Judgment. Finally, Defendants' brief does not comply with the requirement that "[a]ll statements of fact and argument shall have specific page references to the legal file or the transcript." Rule 84.04(i). Defendant's brief is devoid of any reference to the record on appeal.

### Conclusion

For the reasons cited above, the appeal is dismissed due to Defendants' failure to properly prepare and submit an appellate brief in accordance with Rule 84.04. The Default Judgment previously entered in favor of First Bank and against Defendants, jointly and severally, remains in full force and effect.

GARY M. GAERTNER, JR., Presiding Judge and PATRICIA L. COHEN, Judge, concur.

---

**3.** A decision on a motion to set aside a default judgment is reviewed for abuse of discretion. *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 687–88 (Mo. banc 2007). There is, however, "a strong preference for deciding cases on the merits and against resolving litigation by default." *Id.* at 688. Consequently, courts have broader discretion when sustaining a motion to set aside a default judgment than when overruling such a motion. *Id.* at 687. Even if we were to review Defendants' points on appeal under either of these standards, it is clear that the decision of the trial court in this matter should not be overturned.