

# In the
# Missouri Court of Appeals
## Western District

SHANA MEDLEY,

             **Appellant,**

v.

**STATE OF MISSOURI DIVISION OF EMPLOYMENT SECURITY,**

             **Respondent.**

**WD76197**

**OPINION FILED:**

**FEBRUARY 4, 2014**

---

**Appeal from the Labor and Industrial Relations Commission**

**Before Division Three: Anthony Rex Gabbert, P.J.,
Victor C. Howard, Thomas H. Newton, JJ.**

Shana Medley appeals the decision of the Labor and Industrial Relations Commission ("Commission") dismissing her appeal for failing to show good cause to excuse her failure to participate in her second telephone hearing before the Appeals Tribunal. Medley raises one point on appeal. She argues that the Commission erred in denying her unemployment benefits because the Commission "willfully accepted and supported false information provided by the employer and the employees at Myers Nursing Home." We dismiss Medley's appeal for failure to comply with Rule 84.04 and failure to include any legal authority supporting her claim.

**Factual Background**

Medley was employed at Myers Nursing Home ("Employer") as a certified nursing assistant from December 1, 2011, until July 19, 2012, when she was discharged for misconduct. Medley filed for unemployment benefits and Employer protested the claim, alleging that Medley was discharged for using profanity in front of residents and coworkers.

On August 8, 2012, the Division of Employment Security ("DES") mailed its determination, finding that Medley was disqualified from receiving unemployment benefits because she was discharged by her Employer for misconduct connected with her work. The following day, Medley filed a Notice of Appeal to Appeals Tribunal form. DES notified Medley by mail that she was scheduled for a telephone hearing on September 10, 2012, at 2:45 p.m. The notification letter also provided Medley with a specific telephone number and access code to use for the telephone hearing. On September 10, 2012, Medley failed to call in for her telephone hearing and consequently, the Appeals Tribunal referee dismissed the appeal.

On October 2, 2012, Medley appealed the dismissal, alleging that she missed her telephone appeal hearing because her cell phone charger was broken and her phone was not adequately charged. She further contended that she was also unable to borrow another phone to call in to the hearing. The Appeals Tribunal set the dismissal aside and ordered a new hearing to take evidence regarding Medley's failure to participate in the hearing and on the merits of the disqualification. Medley received a notification letter instructing her that her second telephone hearing was scheduled for 2:15 p.m. on November 7, 2012. The second hearing had a different telephone number for Medley to call and a different access code than for her first hearing. At 2:20 p.m., the referee closed the hearing because Medley failed to connect to the conference for the hearing.

2

On November 8, 2012, the Appeals Tribunal referee issued an order dismissing Medley's appeal for failure to appear. On the same day, Medley appealed the dismissal, and it was set aside by the Appeals Tribunal. A third hearing was scheduled for January 11, 2013 in Kansas City, Missouri. Medley appeared in person. The referee took testimony regarding Medley's failure to appear at the previous hearings and on the merits of the disqualification. On January 15, 2013, the Appeals Tribunal referee determined that Medley did not have good cause for missing her second hearing and reinstated the dismissal order from November 8, 2012.

Medley appealed the Appeals Tribunal's decision to the Commission on January 18, 2013. The Commission affirmed and adopted the Appeals Tribunal's decision on February 20, 2013. Medley appealed.

**Appeal Dismissed**

Before deciding the merits of Medley's appeal, this Court must determine whether Medley's brief complies with the mandatory rules for appellate briefing under Rule 84.04. An appellant is required to substantially comply with this Court's briefing requirements enumerated in Rule 84.04. *Thompson v. Flagstar Bank, FSB*, 299 S.W.3d 311, 313 (Mo. App. 2009). Failure to comply with these requirements constitutes grounds for dismissal. *First State Bank of St. Charles v. Am. Family Mut. Ins. Co.*, 277 S.W.3d 749, 752 (Mo. App. 2008). Further, failure to comply with Rule 84.04 impedes this Court's "ability to reach a disposition on the merits to such an extent that we could not conduct a meaningful review without improperly advocating for the appellant." *First Bank v. The Annie-Joyce Group, LLC*, 334 S.W.3d 589, 591 (Mo. App. 2011). While we recognize that Medley is a pro se appellant, such appellants are bound by the same rules of court procedure as those licensed to practice law. *Thompson*, 299 S.W.3d at 313.

In reviewing Medley's brief we find that it fails to substantially comply with Rule 84.04. First, Medley's brief lacks a table of cases, statutes, and other authorities cited, with reference to the pages of the brief where they are cited, in violation of Rule 84.04(a)(1). The brief lacks any legal authority other than the legal authority cited in the jurisdictional statement. "It is an appellant's obligation to cite appropriate and available precedent if [the appellant] expects to prevail." *In re Marriage of Spears*, 995 S.W.2d 500, 503 (Mo. App. 1999). "Where, as here, the appellant neither cites relevant authority nor explains why such authority is not available, the appellate court is justified in considering the points abandoned and dismiss the appeal." *Id.*

Second, the Point Relied On section of Medley's brief is not in compliance with the specific requirements of Rule 84.04(d). Medley's brief fails to cite any legal reasoning for her claim of reversible error by the Commission. Rule 84.04(d)(2). Further, Medley failed to include a list of cases and the constitutional, statutory, and regulatory provisions or other authority upon which she principally relied. Rule 84.04(d)(5).

Finally, in violation of Rule 84.04(e), Medley's argument does not include a concise statement of the applicable standard of review for her claim of error nor does the brief restate the Point Relied On at the beginning of the argument.

We note that this Court struck Medley's first appellate brief for the aforementioned briefing deficiencies, and thereafter mailed her a letter advising her of the three deficiencies listed above. In Medley's amended brief, she failed to correct any of the deficiencies enumerated in this Court's letter to her. In order to fix these deficiencies and determine if Medley is entitled to relief, it would require this Court to act as Medley's advocate—which we cannot do. *Smith v. Med Plus Healthcare*, 401 S.W.3d 573, 576 (Mo. App. 2013).

Quite apart from the technical deficiencies in Medley's brief, we also note that her Point Relied On addresses the merits of her claim for unemployment benefits, rather than the basis on which the Commission dismissed her appeal: her failure to appear at the September 10 and November 7 telephone hearings before the Appeals Tribunal. "[T]he fundamental requirement for an appellate argument is that it demonstrate the erroneousness of the basis upon which a lower court or agency issued an adverse ruling." *Rainey v. SSPS, Inc.*, 259 S.W.3d 603, 606 (Mo. App. W.D. 2008). "Because [Medley] does not challenge the basis upon which the Commission actually ruled against [her], we would be constrained to dismiss [her] appeal even if [s]he had otherwise complied with the rules governing appellate briefing." *Id.*

We conclude, therefore, that because Medley's brief fails to substantially comply with Rule 84.04 and fails to include any legal authority supporting her claim, it preserves nothing for our review. We dismiss this appeal.

_____
Anthony Rex Gabbert, Judge

All concur.

5