

# Missouri Court of Appeals

## Southern District

### Division One

HOMETOWN BANK, N.A., )
 )
 Respondent, )
 )
 vs. ) No. SD32744
 )
 ) FILED: June 10, 2014
YER YANG, )
 )
 Appellant. )

APPEAL FROM THE CIRCUIT COURT OF BARRY COUNTY

Honorable Victor W. Head, Judge

(Before Rahmeyer, P.J., Scott, J., and Francis, C.J.)

**<u>DISMISSED</u>**

PER CURIAM.  After foreclosure on Appellant's poultry farm, Respondent Bank sued for unlawful detainer and obtained judgment for possession, accrued rent, and attorney fees.  Appellant, who appeals *pro se*, candidly admits that her briefing is deficient and that she has not effectively researched the statutes and applicable case law.

We are guided by Missouri Court Rule 84.04 and principles summarized in

***Hankins v. Reliance Automotive, Inc.:***

> *Pro se* appellants are held to the same standards as licensed attorneys. The briefs of *pro se* appellants, as with all appellants, must comply with the rules of appellate procedure, including Rule 84.04, which governs the content of appellate briefs. A *pro se* litigant is not granted preferential treatment if he or she fails to comply with the requirements of Rule 84.04, and failure to comply with this Rule constitutes grounds for dismissal. **Our adherence to these principles stems not from a lack of sympathy for the *pro se* appellant, but is necessary to assure judicial impartiality, judicial economy, and fairness to all parties.**

312 S.W.3d 491, 493-94 (Mo.App. 2010) (citations omitted, emphasis added).

Appellant's brief is so replete with Rule 84.04 violations that we are unable to review her appeal. As we have no intent to embarrass, we briefly mention only two.

Contrary to Rule 84.04(c), the statement of facts is argumentative and void of cites to the record.[1] Without such citations, we would have to search the record to determine if these are facts we can consider, or if (as the Bank suggests and appears obvious from reading the brief) many of these "facts" are outside the record.

Further, none of the points relied on comply with Rule 84.04(d) in form or substance. Some are collateral complaints about the prior foreclosure; others that arguably identify a challenged court action do not state legal reasons for the claim of reversible error or explain why those legal reasons support the claim.

> Rule 84.04 exists because it is not proper for the appellate court to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances. Appellate courts are not permitted to speculate on an appellant's arguments because,

---

[1] After the Bank noted this in its brief, Appellant put several record cites in her reply brief, but not nearly enough.

> to do so would cast the court in the role of an advocate for the appellant.

*Hankins*, 312 S.W.3d at 494 (citations and quotation marks omitted).

Extended discussion is unnecessary. "While we note [Appellant]'s apparent effort to conform to the rules for appeals to this Court, her brief is substantially lacking not only in form, but in content as well. Given the significant deficiencies in [Appellant]'s brief, we dismiss her appeal." *Id*. at 493.