

# Missouri Court of Appeals

### Southern District

### Division One

WILLIAM M. JOHNSON, )
        )
        Appellant, )
        )
  vs. )  No. SD33744
        )
RELIABLE IMPORTS and )  FILED: September 8, 2015
STATE OF MISSOURI DIVISION )
OF EMPLOYMENT SECURITY, )
        )
        Respondents. )

### APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

## **APPEAL DISMISSED**

*(Before Scott, P.J., Bates, J., and Sheffield, C.J.)*

PER CURIAM. "I know what I did was wrong and fraudulent." Thus William Johnson described filing for and collecting $6,848 in emergency unemployment benefits while he was employed and earning wages. Still, he appeals the overpayment determination and denial of his petition for reassessment. We grant the Division's motion to dismiss for violations of Missouri Court Rule 84.04.

> *Pro se* appellants are held to the same standards as licensed attorneys. The briefs of *pro se* appellants, as with all appellants, must comply with the rules of appellate procedure, including Rule

84.04, which governs the content of appellate briefs.  A *pro se* litigant is not granted preferential treatment if he or she fails to comply with the requirements of Rule 84.04, and failure to comply with this Rule constitutes grounds for dismissal.  Our adherence to these principles stems not from a lack of sympathy for the *pro se* appellant, but is necessary to assure judicial impartiality, judicial economy, and fairness to all parties.

***Hankins v. Reliance Automotive, Inc.***, 312 S.W.3d 491, 493-94 (Mo.App. 2010).

Johnson's brief is "so replete with Rule 84.04 violations that we are unable to review [his] appeal." ***Hometown Bank, N.A. v. Yer Yang***, 432 S.W.3d 806, 807 (Mo.App. 2014). To cite just a few of the more egregious violations:

- The statement of facts is one sentence, with no record references, when Rule 84.04(c) calls for an appellant to fairly state the relevant facts with specific relevant cites to the appellate record.

- None of four points relied on, largely a collection of sentence fragments, remotely satisfy the requirements of Rule 84.04(d).

- A four-line argument cites no standard of review (*see* Rule 84.04(e)) or relevant authority, much less shows how legal principles interact with facts of the case.  *See* ***Brown v. Ameristar Casino Kansas City, Inc.***, 211 S.W.3d 145, 147-48 (Mo.App. 2007).  Such failings alone justify our deeming Johnson's points abandoned.  ***Id***.

Since Johnson's brief is "substantially lacking not only in form, but in content as well" (***Hometown Bank***, 432 S.W.3d at 807), we grant the Division's motion and dismiss this appeal.