DON E. BURRELL, J.
Gregory Vitabile ("Defendant") was found guilty, after a bench trial, of operating a motor vehicle without a valid driver's license and sentenced to pay a $300.00 fine and court costs. See section 302.020.[1] Due to briefing deficiencies that materially impede impartial judicial review, we are unable to reach the merits (if any) of Defendant's pro se complaints and must dismiss his appeal.
Background
In May 2016, Deputy Matthew Vanderpool ("Deputy Vanderpool") observed Defendant driving a truck that had no rear license plate. Deputy Vanderpool did notice a license plate inside the back window of the truck, but he was unable to read it. After pulling the truck over, Deputy Vanderpool asked Defendant for his license, registration, and proof of insurance. The driver's license Defendant produced had expired in 2006. Deputy Vanderpool issued Defendant a traffic citation for operating a motor vehicle without a valid driver's license.
Analysis
In an appeal of a criminal case, "[t]he form and contents of the briefs shall contain the material prescribed by Rule 84.04 and Rule 84.06." Rule 30.06(a).
Pro se appellants are held to the same standards as licensed attorneys. The briefs of pro se appellants, as with all appellants, must comply with the rules of appellate procedure, including Rule 84.04, which governs the content of appellate briefs. A pro se litigant is not *431 granted preferential treatment if he or she fails to comply with the requirements of Rule 84.04, and failure to comply with this Rule constitutes grounds for dismissal. Our adherence to these principles stems not from a lack of sympathy for the pro se appellant, but is necessary to assure judicial impartiality, judicial economy, and fairness to all parties.
Hankins v. Reliance Auto., Inc. , 312 S.W.3d 491, 493-94 (Mo. App. E.D. 2010) (internal citations omitted).
Here, Defendant's brief is "so replete with Rule 84.04 violations that we are unable to review [his] appeal." Hometown Bank, N.A. v. Yer Yang , 432 S.W.3d 806, 807 (Mo. App. S.D. 2014). The following list includes only the most egregious of Defendant's Rule 84.04 violations.
• Statement of Facts : Rule 84.04(c) requires that "[a]ll statements of facts shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." Defendant's statement of facts contains no citations to the record on appeal. "This Court will not act as an advocate by scouring the record for facts to support Defendant's contentions." First State Bank of St. Charles v. American Family Mut. Ins. Co. , 277 S.W.3d 749, 752 (Mo. App. E.D. 2008).
• Points Relied On : Rule 84.04(d) requires that each point relied on shall "be in substantially the following form: 'The trial court erred in [identify the challenged ruling or action ], because [state the legal reasons for the claim of reversible error ], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error ].' " The requirements of this rule are mandatory and must be strictly applied. Martin v. Circuit Court of the City of St. Louis , 580 S.W.2d 307, 308 (Mo. App. St. Louis 1978). "Adherence to the rule serves to notify the opposing party of the precise matters under contention and inform the court of the issues presented for review." Carden v. Missouri Intergovernmental Risk Mgmt. Ass'n , 258 S.W.3d 547, 556 (Mo. App. S.D. 2008). Defendant completely disregards this requirement as his brief contains no points relied on.
• Argument : Rule 84.04(e) requires that the argument must discuss the point and "should show how the principles of law and the facts of the case interact." Snyder v. Snyder , 142 S.W.3d 780, 783 (Mo. App. E.D. 2004). Defendant makes no attempt to demonstrate such interaction. Further, the point relied on is to be "restated at the beginning of the section of the argument discussing that point." Rule 84.04(e). Because Defendant's brief does not contain any points relied on, it is impossible for him to comply with these requirements. Additionally, Rule 84.04(e) requires a concise statement of the applicable standard of review for each claim of error. "The standard of review is an essential portion of all appellate arguments; it outlines this court's role in disposing of the matter before us." Waller v. Shippey , 251 S.W.3d 403, 406 (Mo. App. W.D. 2008). None of Defendant's arguments include this essential ingredient.
This court is not obligated to review briefs that fail to conform to the mandatory rules of appellate procedure. Carden , 258 S.W.3d at 557. To rectify Defendant's briefing deficiencies and determine *432 whether he might be entitled to any relief would impermissibly require this court to abandon its proper role of impartial reviewer and act instead as Defendant's advocate. Rademan v. Al Scheppers Motor Co. , 423 S.W.3d 834, 837 (Mo. App. W.D. 2014).
Because Defendant's brief is "substantially lacking not only in form, but in content as well[,]" Hometown Bank , 432 S.W.3d at 807 (internal citation omitted), we dismiss the appeal.
MARY W. SHEFFIELD, P.J.-CONCURS
GARY W. LYNCH, J.-CONCURS

All rule references are to Missouri Court Rules (2018). Unless otherwise indicated, all statutory references are to RSMo 2000.