

# Missouri Court of Appeals

## Southern District

### Division One

| | | |
|---|---|---|
| LOUIS A. HARDISON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. SD35450 and SD35576 |
| | ) | (consolidated) |
| DAVID MCCRACKEN, BRADLEY | ) | |
| FIENEN, and ROBERT VAUGHAN, | ) | **Filed: June 6, 2019** |
| | ) | |
| Defendants-Respondents. | ) | |

APPEAL FROM THE CIRCUIT COURT OF NEWTON COUNTY

Honorable Kevin L. Selby

**APPEALS DISMISSED**

Louis A. Hardison ("Appellant") is representing himself in these consolidated appeals in which he is attempting to appeal the trial court's denial of Appellant's motion for summary judgment and the trial court's judgments in favor of state and county officials on their motions for judgment on the pleadings. Because Appellant's significant briefing deficiencies materially impede impartial review, we must dismiss his appeals.

1

## Background

In 2017, Appellant sued David McCracken, Bradley Fienen, and Robert Vaughan (collectively, "Respondents")[1] in Newton County Circuit Court for alleged violations of Missouri's Criminal Asset Forfeiture Act ("CAFA"), unjust enrichment, and money had and received. Appellant's allegations stemmed from an incident that occurred in November 2013, when Neosho police -- in response to a disturbance call at Appellant's home -- arrested Appellant and seized firearms he had in his possession.

Appellant was subsequently convicted of being a felon in possession of a firearm, and he was sentenced by a federal court to serve 36 months in the United States Bureau of Prisons. The weapons seized from Appellant's home were then forfeited pursuant to a federal order.

During the course of his civil suits against Respondents, Appellant filed a "Motion for Summary Judgment and Memorandum of Law In Support" ("motion for summary judgment"), which the trial court denied. That same day, respondents Fienen and McCracken filed their "**MOTION FOR JUDGMENT ON THE PLEADINGS**" ("motion for judgment on the pleadings") that claimed Appellant's causes of action were not supported by the averments of his petition and were time-barred by a three-year statute of limitation. Soon thereafter, Respondent Vaughan also filed a "**Motion for Judgment on the Pleadings and Suggestions in Support**" asserting that Appellant's amended petition failed to state a claim.

---

[1] Respondents are, respectively, the former Chief of Police for the City of Neosho, a Neosho Police officer, and a trooper with the Missouri State Highway Patrol. The suit named additional officials as defendants, but no issues relating to those officials are raised in these appeals.

In a June 22, 2018 "**<u>ORDER FOR JUDGMENT ON THE PLEADINGS</u>**[,]" the trial court granted Respondents' motions for judgment on the pleadings and accordingly entered judgments in their favor.

**Analysis**

*Point 1*

Appellant's first point claims "[t]he trial court erred in not granting Appellant [sic] Motion for Summary Judgment." We need not discuss the fatal briefing deficiencies related to this claim as "[t]he denial of a motion for summary judgment is not an appealable order because it is not final." ***Keystone Mut. Ins. Co. v. Kuntz***, 507 S.W.3d 162, 166 (Mo. App. S.D. 2016). An exception to this rule exists "where the merits of the motion for summary judgment are intertwined with the propriety of an appealable order granting summary judgment to another party." ***Hazelwood Logistics Ctr., LLC v. Illinois Union Ins. Co.***, 535 S.W.3d 802, 804 (Mo. App. E.D. 2017) (quoting ***Sauvain v. Acceptance Indem. Ins. Co.***, 339 S.W.3d 555, 568 (Mo. App. W.D. 2011)). Appellant makes no claim that that exception is applicable here. The denial of Appellant's motion for summary judgment cannot be reviewed.

*Points 2 through 5*

The remainder of Appellant's brief is "so replete with Rule 84.04[2] violations that we are unable to review [his] appeal." ***Hometown Bank, N.A. v. Yer Yang***, 432 S.W.3d 806, 807 (Mo. App. S.D. 2014). "Failure to comply with the briefing requirements under Rule 84.04 preserves nothing for appellate review." ***Carden v. Missouri Intergovernmental Risk Mgmt. Ass'n***, 258 S.W.3d 547, 554 (Mo. App. S.D. 2008).

---

[2] All rule references are to Missouri Court Rules (2019).

> "We are mindful of the problems that a pro se litigant faces; however, judicial impartiality, judicial economy, and fairness to all parties necessitate that we do not grant a pro se appellant preferential treatment with regard to complying with the rules of appellate procedure." *Carlisle v. Rainbow Connection, Inc.,* 300 S.W.3d 583, 584–85 (Mo. App. E.D. 2009). "Pro se appellants are held to the same standards as attorneys and must comply with Supreme Court rules, including Rule 84.04, which sets out the requirements for appellate briefs." *Davis v. Coleman,* 93 S.W.3d 742, 742 (Mo.App.E.D.2002).
>
> "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." *Bridges v. American Family Mut. Ins. Co.,* 146 S.W.3d 456, 458 (Mo. App. W.D. 2004). "A party's failure to substantially comply with Rule 84.04 preserves nothing for appellate review and is insufficient to invoke our authority to hear the case." *FIA Card Servs., NA. v. Hayes,* 339 S.W.3d 515, 517 (Mo.App.E.D.2011). Thus, "[t]he failure to comply with Rule 84.04(d) warrants dismissal of the appeal." *Bridges,* 146 S.W.3d at 458.

***Shelter Mut. Ins. Co. v. Mitchell***, 413 S.W.3d 348, 351-52 (Mo. App. S.D. 2013) (footnote omitted).

In violation of Rule 84.04(c), Appellant's Statement of Facts is neither concise nor relevant to the issues presented on appeal. It contains argument, very few references to the record on appeal, and it asks this court to reference exhibits that were offered in a different case.[3]

Appellant's points violate all aspects of Rule 84.04(d)(1): they fail to identify the trial court ruling being challenged, fail to state the legal reasons for Appellant's claims of reversible error, and fail to explain why those legal reasons, in the context of the facts of the case, support the applicable claim of reversible error. For example, Point 5 claims the

> [t]rial court abused it dissections [sic] in that Missouri CAFA laws under RSMO 513.647 state prosecutor or attorney general has strict time limits to forfeit seized property. The Respondents rely on Appellant[']s conviction as to the federal charges where Appellant [sic] counsel was

---

[3] Whatever connection this other case might have to Appellant's claims on these appeals is neither clear from the record nor explained by Appellant.

ineffective whereas all lawyers that represent criminal defendants are expected to know the laws applicable to there [sic] client[']s defense.

Point 5 also fails to include an argument section -- a violation of Rule 84.04(a)(5).

In similar fashion, Point 3 claims the "[t]rial court erred in its discretion that Respondents violated Appellant['s] due process both under Missouri Constitution and Fifth Amendment of the US Constitution and 18 USC 983 (a)(1)(A)(iv) and RSMO 513.647.2 Notice." Such "[a]bstract statements of law, standing alone, do not comply with [Rule 84.04(d)(1)]." Rule 84.04(d)(4).

The argument sections of Appellant's brief fail to cite the record on appeal, and they include arguments not contained in the applicable point relied on. *See* Rule 84.04(e). Many of Appellant's arguments, based on voluminous citations to inapplicable federal statutes and case law, appear to be tangential attacks directed at the federal government and its alleged conspiracy with local law enforcement.

Appellant also fails to cite the standard of review applicable to each claim of error as required by Rule 84.04(e).

A continued recitation of briefing deficiencies and the ways in which they prevent impartial appellate review would only belabor the point. To sum up, "[t]o rectify [Appellant]'s briefing deficiencies and determine whether he might be entitled to any relief would impermissibly require this court to abandon its proper role of impartial reviewer and act instead as [Appellant]'s advocate." **State v. Vitabile**, 553 S.W.3d 429, 431-32 (Mo. App. S.D. 2018).

The appeal is dismissed.

DON E. BURRELL, P.J. – OPINION AUTHOR
NANCY STEFFEN RAHMEYER, J. – CONCURS
GARY W. LYNCH, J.  – CONCURS

5