

# In the
# Missouri Court of Appeals
## Western District

JACK MURPHY,

                **Respondent,**

v.

NEIL STEINER, ET AL.,

                **Appellants.**

**WD85006**

**OPINION FILED:**

**September 20, 2022**

### Appeal from the Circuit Court of Jackson County, Missouri
### The Honorable Joel P. Fahnestock, Judge

### Before Division Two:  Thomas N. Chapman, Presiding Judge,
### Mark D. Pfeiffer, Judge, and Edward R. Ardini, Jr., Judge

Neil Steiner appeals *pro se* from the judgment of the Jackson County Circuit Court granting Jack Murphy's motion for summary judgment against him and his wife, Deborah Steiner, on Murphy's unlawful detainer claim.  Because Steiner's brief fails to comply with the mandatory rules governing an appellant's brief, the appeal is dismissed.

### Background[1]

On August 30, 2019, Murphy, as agent and owner of Dahle's Property Solutions, LLC, purchased property located at 500 NW 36th Street Terrace, Blue Springs, Missouri ("Property") at

---

[1] In reviewing the grant of a motion for summary judgment, the appellate court views the record in the light most favorable to the party against whom the judgment was entered and accords the non-movant all reasonable inferences from the record.  *Murphy v. Steiner*, 631 S.W.3d 624, 625 n.1 (Mo. App. W.D. 2021).  The factual and procedural background comes from the uncontroverted facts identified in the summary judgment pleadings and from the procedural history of the case found in court records.  *Id.*

a foreclosure sale. The Steiners were the prior owners of the Property. On October 2, 2019, the Steiners executed a lease agreement with Murphy ("Lease"). The Lease described a two-month term from October 1, 2019, to November 30, 2019, and required payment of rent in the amount of $800 for October and $1,000 for November. It further provided that "[t]he Lease term will automatically renew month-to-month unless either party gives at least 45 days written notice of termination." On or about January 23, 2020, Murphy notified the Steiners in writing that he was terminating the Lease effective March 16, 2020, and demanded that they remove themselves and surrender peaceful possession of the Property no later than that day. The Steiners received the notice terminating the Lease, but did not vacate the Property after the Lease terminated on March 16, 2020.

On April 14, 2020, Murphy filed a two-count second amended petition against the Steiners for rent and possession and unlawful detainer. The rent and possession claim alleged that the Steiners had defaulted in the timely payment of rent and other charges pursuant to the Lease, owed $6,000 in past due rent and $955 in late charges, and failed and refused to pay the balance due and remained in possession of the Property. The unlawful detainer claim alleged that the Steiners were provided written notice terminating their rights to possession of the Property and that they willfully held possession of the Property and refused to vacate. It further alleged that the reasonable rental value of the Property was $1,000 per month, that the Steiners owed $4,516.16 in lost rent and $815 in late fees while they were lawfully in possession before expiration of the notice terminating the Lease, and that they owed $2,967.74 in statutory damages and would owe statutory damages of $2,000 for each month during the pendency of the action. The Steiners represented themselves at all times in the trial court and filed multiple motions to dismiss Murphy's petition, which were denied.

2

On May 19, 2020, Murphy filed a motion for summary judgment on the unlawful detainer claim requesting restitution of the Property, damages, attorneys' fees, and costs. The statement of uncontroverted facts that accompanied the motion alleged the facts above concerning the foreclosure sale, the Lease, and the termination of the Lease in eleven separately numbered paragraphs. On June 8, 2020, the Steiners filed their response to the motion for summary judgment titled "Defendant's Motion to Dismiss Plaintiff's Motion for Summary Judgment." The Steiners' response did not set out Murphy's factual statements in their original paragraph numbers and did not admit or deny the factual statements in the manner required by Rule 74.04(c)(2). Instead, the Steiners alleged additional facts and argued that they remained the owners of the Property because the foreclosure sale was not valid, that the Property was not insured by a title company, and that Murphy represented himself to be the owner of the Property, not the agent of Dahle's Property Solutions.

On July 15, 2020, the trial court entered an amended judgment granting Murphy's motion for summary judgment, awarding statutory damages and attorneys' fees, and ordering that Murphy have immediate possession of the Property. The Steiners appealed, and this court dismissed the appeal, finding that the amended judgment was not final because it did not dispose of Murphy's rent and possession claim and a counterclaim filed by the Steiners. *Murphy v. Steiner*, 631 S.W.3d 624, 630-31 (Mo. App. W.D. 2021).

After Murphy dismissed his rent and possession claim and the trial court struck the Steiners' counterclaim, the trial court entered an amended final judgment on November 30, 2021. It entered judgment in favor of Murphy and against the Steiners on the unlawful detainer claim in the amount of $21,967.74 in statutory damages for the period of March 17, 2020 to November 2021, and ordered that each party pay their own attorneys' fees and that Murphy shall have

3

possession of the Property within 15 days of the judgment.  This appeal by Neil Steiner followed.[2]

**Steiner's Brief Fails to Comply with Rule 84.04**

Rule 84.04 plainly sets out the requirements for the contents of an appellant's brief, and those requirements are mandatory.  *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022).  Compliance with Rule 84.04 is required to give notice to the other party of the precise matters at issue and to ensure that appellate courts do not become advocates for the appellant by speculating facts and arguments that have not been made.  *Walker v. Div. of Emp. Sec.*, 592 S.W.3d 384, 389 (Mo. App. W.D. 2020)  "In the interest of judicial impartiality, judicial economy and fairness to all parties, *pro se* appellants are held to the same standards as attorneys regarding the mandatory appellate briefing rules."  *Id.* at 388 (internal quotes and citation omitted).  Although an appellate court prefers to reach the merits of a case, excusing technical deficiencies in a brief, it will not consider a brief so deficient that it fails to give notice to the other parties and the court of the issue presented on appeal.  *Lexow*, 643 S.W.3d at 505.

Most importantly, Steiner's points relied on and argument are deficient.  "Central to the formation of a brief are an appellant's points relied on."  *Id.*  The function of points relied on is to give notice to the opposing party of the precise matters with which it must contend and to inform the court of the issues presented for review.  *Id.*  "A deficient point relied on requires the respondent and appellate court to search the remainder of the brief to discern the appellant's assertion and, beyond causing a waste of resources, risks the appellant's argument being understood or framed in an unintended manner."  *Id.*  A point relied on that does not state

---

[2] Deborah Steiner did not appeal the amended final judgment.

4

wherein and why the trial court erred does not comply with Rule 84.04(d) and preserves nothing for review. *Id.*

Rule 84.04(d)(1) requires that each point relied on shall:

(A) [i]dentify the trial court ruling or action that the appellant challenges;

(B) [s]tate concisely the legal reasons for the appellant's claim of reversible error; and

(C) [e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The rule provides a template to follow to ensure compliance with the rule. *Lexow*, 643 S.W.3d at 505.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

Rule 84.04(d)(1).

Rule 84.04(e) governs the argument portion of the brief. It requires the argument to substantially follow the order of "Points Relied On." Rule 84.04(e). "The argument should develop the claim of error by showing the interaction between the relevant principles of law and the facts of the particular case." *Walker*, 592 S.W.3d at 388 (internal quotes and citation omitted). "Mere conclusions and the failure to develop an argument with support from legal authority preserve nothing for review." *Id.* at 388-89 (internal quote and citation omitted). "For each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review." Rule 84.04(e).

5

Steiner sets out 15 un-numbered points relied on. None comply with Rule 84.04(d)(2).

For example, the first three points relied on state:

> The trial court erred on January 24th, 2020, that this case was dismissed with prejudice.
>
> The trial court erred that Jack Murphy is the prevailing party.
>
> The trial court erred that Dahle's Property Solution LLC is the Plaintiff.

These and the remaining points relied on wholly fail to follow the template in Rule 84.04(d)(1). None are substantially in the required form provided in the rule. They do not identify the claim of reversible error, state the legal reasons for the claim of reversible error, or succinctly explain, in the context of the case, the legal reasons supporting the claim of reversible error. They fail to state and explain wherein and why the trial court erred. *Lexow*, 643 S.W.3d at 505. Steiner's points relied on simply do not identify any issue that permits meaningful review.

Additionally, Steiner's argument under each point relied on is deficient under Rule 84.04(e). Although Steiner states in some of his arguments that the issue was raised in the trial court and preserved for review, none of his arguments includes a concise statement describing how the error was preserved for review or the applicable standard of review. And while he lists some legal authority under some of his points relied on, Steiner fails to cite legal authority in his arguments. He does not develop claims of error by showing an interaction between relevant principles of law and the facts of the case. *Walker*, 592 S.W.3d at 388. "When an appellant fails to cite relevant law and explain how it applies to the applicable facts, we deem the point abandoned." *Tavacoli v. Div. of Emp. Sec.*, 261 S.W.3d 708, 710 (Mo. App. W.D. 2008). Because of all of the deficiencies in the points relied on and the argument, this court is left speculating what argument Steiner is attempting to make. To attempt to consider Steiner's

arguments, we would be improperly advocating on his behalf, which we may not do. *Garey v. Div. of Emp. Sec.*, 644 S.W.3d 608, 611 (Mo. App. W.D. 2022).

Along with the deficient points relied on and argument, Steiner's briefing also violates Rule 84.04(c) governing the statement of facts. Rule 84.04(c) requires, "All statement of facts shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." It further provides, "The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." *Id.* "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Acton v. Rahn*, 611 S.W.3d 897, 901 (Mo. App. W.D. 2020) (internal quotes and citations omitted). "Interspersing argument throughout the statement of facts violates Rule 84.04(c)." *Harris v. Ralls Co.*, 588 S.W.3d 579, 584 n.1 (Mo. App. E.D. 2019).

Steiner's statement of facts rarely cites the record on appeal and contains facts outside the record. He cites to the record on appeal only nine times in his seven and a half pages of facts. Furthermore, Steiner's statement of facts is not a fair and concise statement of the facts relevant to the questions presented for determination without argument. Specifically, his statement of facts does not address the facts pertinent to the trial court's grant of summary judgment—those in Murphy's statement of uncontroverted facts, which were deemed admitted when Steiner did not admit or deny the factual statements in the manner required by Rule 74.04(c)(2).[3] Instead,

---

[3] Rule 74.04(c)(2) provides:

> (2) *Responses to Motions for Summary Judgment.* Within 30 days after a motion for summary judgment is served, the adverse party shall serve a response to all parties. *The response shall set forth each statement of fact in its original paragraph number and immediately thereunder admit or deny each of movant's factual statements.*

Steiner includes allegations regarding how the foreclosure sale was conducted and claims of insufficient service of process or notices. His statement of facts is also replete with argument, which violates Rule 84.04(c). *Harris*, 588 S.W.3d at 584 n.1. For example, he argues that a document was "completely bogus, fraudulent and fabricated, that a notice did not comply with a statute, that the Steiners "were forced to sign a lease," and that a judgment "was mysteriously changed." For all of these reasons, Steiner's statement of facts fails to adequately comply with Rule 84.04(c). "This Court will not act as an advocate by scouring the record for facts to support [Steiner's] contentions." *First State Bank of St. Charles v. Am. Fam. Mut. Ins. Co.*, 277 S.W.3d 749, 752 (Mo. App. E.D. 2008).

This court has discretion to review noncompliant briefs gratuitously, overlooking technical deficiencies, when the deficiencies do not impede review on the merits. *Lexow*, 643 S.W.3d at 508. Given all of the concerns addressed above, however, we decline review. We note that this court struck Steiner's original appellant's brief for noncompliance with Rule 84.04,

---

A denial may not rest upon the mere allegations or denials of the party's pleading. Rather, the response shall support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial.

Attached to the response shall be a copy of all discovery, exhibits or affidavits on which the response relies.

*A response that does not comply with this Rule 74.04(c)(2) with respect to any numbered paragraph in movant's statement is an admission of the truth of that numbered paragraph.*

The response may also set forth additional material facts that remain in dispute, which shall be presented in consecutively numbered paragraphs and supported in the manner prescribed by Rule 74.04(c)(1).

An electronic copy of the response shall be served as provided in Rule 74.04(c)(1).

The response may include a memorandum explaining the legal or factual reasons why summary judgment should not be granted.

(emphasis added).

8

specified the reasons for the strike, and allowed him to file an amended brief.  Steiner, however, failed to adequately rectify the problems identified by the court, prohibiting a proper review.

## Conclusion

Steiner's brief so substantially fails to comply with the requirements of Rule 84.04 that it preserves nothing for review.  *Id.* at 509-10.  The appeal is dismissed.

_____
Thomas N. Chapman, Presiding Judge

All concur.